■ In the Matter of WILLIAM TANZOSH, Respondent, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Appellants.—Judgment, Supreme Court, New York County, entered April 5, 1976, granting the petition to the extent of directing the respondents to certify that the petitioner is medically qualified *nunc pro tunc* for the position of patrolman, and that he be appointed as a patrolman *nunc pro tunc* as of October 26, 1973, unanimously reversed, on the law, and vacated, and the petition dismissed without costs or disbursements. William Tanzosh had taken Civil Service examinations for positions with both the Police and Fire Departments of the City of New York. He was notified on October 10, 1973 that he had been certified for appointment as a probationary patrolman and was directed to appear for a medical examination on October 26, 1973. Tanzosh's X ray revealed that he had an enlarged heart and he was tentatively rejected on that basis. He took a "medical appeal," at which time a report from his personal physician was submitted characterizing the enlarged heart as asymptomatic. However, the doctors employed by the respondents, after reviewing this letter and the other medical evidence before them, rejected Tanzosh for medical reasons. He was similarly rejected for the position of fireman. Appeals from both disqualifications were taken to the Civil Service Commission and further reports were submitted. Petitioner was formally notified by letter dated November 3, 1975 that he was marked medically qualified for the position of fireman but that the eligible list for patrolman had terminated on March 5, 1975, and therefore no action could be taken regarding his medical disqualification for that title. It further developed that the fireman's eligible list was being regulated pursuant to Federal

court order. The net result for Tanzosh was that his technical victory in the battle of the medical examinations nonetheless resulted in his losing the war. He could not get appointed to either the position of fireman or patrolman. Tanzosh therefore instituted an article 78 proceeding to compel his appointment to the police department. Special term granted his petition. We would reverse. We note that the respondents in their initial rejections of petitioner acted on advice of their own medical staff and were entitled to rely on the medical expertise of that staff (cf. *Matter of McGovern v Lowery,* 39 AD2d 518, affd 32 NY2d 954). Their initial rejection of petitioner's application for medical reasons was therefore proper. In any event, we cannot accede to petitioner's present claim to eligibility as a patrolman. The eligible list for patrolman had expired on March 5, 1975. The mere appearance of petitioner's name on an eligible list was a subjective "expectancy" and did not create any vested right to appointment (cf. *Perry v Sindermann,* 408 US 593, 602-603; *Board of Regents v Roth,* 408 US 564, 578; *Matter of Cassidy v Municipal Civ. Serv. Comm. of City of New Rochelle,* 37 NY2d 526, 529). When the eligible list expired, petitioner's "eligibility" also came to an end. In the case at bar, since the eligible list had expired on March 5, 1975 and this proceeding was instituted subsequent thereto, the court at Special Term was without power to direct appointment of the petitioner to the position desired *(Matter of Cash v Bates,* 301 NY 258, 261; *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 56 AD2d 795). We have accordingly reversed the determination of Special Term and dismissed the petition. Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.