■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, on Complaint of ANTHONY FARELLA, Petitioner, v COUNTY OF ONONDAGA et al., Respondents. — Petition unanimously granted, without costs, in accordance with the following memorandum: This is a petition for an order enforcing so much of an order of the State Division of Human Rights dated July 26, 1976 (affd by appeal board on Nov. 25, 1977) as directs respondents to place complainant's name on the list of eligibles for appointment as a police officer. On a complaint filed December 16, 1974, and after a hearing in January, 1976, the division determined that the respondents had discriminated against complainant on the basis of sex in denying him placement on the March 12, 1974 list of eligibles for that position. This denial was based on his failure to achieve a passing grade on a physical fitness test, the scoring method of which the division found to give unlawful preference to female applicants. Respondents failed to prosecute an appeal to our court from the appeal board's affirmance of the division's order. It appears from the present petition (unopposed by respondents) that respondents refused to place complainant on the eligible list on the grounds that the list on which he sought placement had expired on May 5, 1977 (see Civil Service Law, § 56) and that he had passed his twenty-ninth birthday and was thus too old to be placed on the list (see Civil Service Law, § 58). It was due to the respondents' discriminatory practices and the necessity of administrative proceedings to vindicate complainant's rights that the eligible list expired before complainant's name could be placed thereon. Inasmuch as he filed his complaint before expiration of the list, the expiration thereof does not preclude relief (see *Matter of Mena v D'Ambrose,* 44 NY2d 428). As stated in *Matter of Mena v D'Ambrose (supra,* p 433): "where it is demonstrated that errors have rendered the list in derogation of the merit and fitness standards (NY Const, art V, § 6), and candidates have demonstrated that they were aggrieved by those errors, the statutory durational period does not begin to run until the list is corrected". Here, at the time the list was promulgated on March 12, 1975, complainant was 28 years old and, had he been properly included on the list, he would have remained thereon until his twenty-ninth birthday on March 8, 1976 — a period of 360 days (see *Matter of Spina v County of Chautauqua,* 50 AD2d 178). Section 58 of the Civil Service Law does not provide an absolute bar to eligibility of persons over 29 (see Civil Service Law, § 58, subd 1, par [a], concerning extended eligibility of those having been on military duty or terminal leave). Therefore, complainant's name should be placed on a special eligible list for the position of police officer (see *Matter of Mena v D'Ambrose, supra)* for a period of 360 days during which time he should not be considered ineligible by reason of age. (Proceeding pursuant to Executive Law, § 298.) Present — Simons, J.P., Hancock, Jr., Denman, Moule and Schnepp, JJ.