In the Matter of MELVIN DEAS, Appellant, v JUDITH LEVITT, as Director of the New York City Department of Personnel, et al., Respondents.

First Department, June 28, 1988

### APPEARANCES OF COUNSEL

*Ellen M. Weber* of counsel *(Margaret K. Brooks* with her on the brief; Legal Action Center of the City of New York, Inc., attorneys), for appellant.

*Dana Martine Robbins* of counsel *(Larry A. Sonnenshein* with her on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for respondents.

### OPINION OF THE COURT

MILONAS, J.

Petitioner-appellant Melvin Deas instituted this proceeding pursuant to CPLR article 78 in order to challenge the refusal by defendants, Director of the New York City Department of Personnel and the Department of Personnel, to certify him for the position of bus maintainer "A". It is petitioner's contention that defendants' action deprived him of his right to due process under both the Constitutions of the State of New York and the United States and was also arbitrary, capricious and contrary to law. In that connection, a review of the record of the instant matter indicates that there is merit to petitioner's claim that he was the victim of an improper enforcement of a statutory time limitation.

Petitioner has been employed by the New York City Transit Authority for over 23 years, serving first as a car cleaner and later being promoted to the position of bus maintainer helper "B". He was also licensed to operate a bus after successfully completing the Transit Authority's training program. In October of 1983, petitioner applied for promotion to bus maintainer "A". A bus maintainer "A" is responsible for maintaining, inspecting and repairing the bodies and structural equip-

ment on buses and, like a bus maintainer helper "B", operates buses within the depot. Petitioner passed the required civil service examination and was ranked third on the eligible list, established March 21, 1984. In August of 1984, when a position became available, he was asked to report for a medical examination, a prerequisite to appointment. As part of that examination, he was interviewed by a psychiatrist, who concluded that petitioner was not medically qualified for the job because of a history of schizophrenia and drug abuse. It is significant that although petitioner had been treated for a psychological problem in 1971, the psychiatrist conceded that petitioner exhibited none of the symptoms of the disease suffered by him 13 years earlier. Yet, acting upon the recommendation of its psychiatric consultant, the Transit Authority disqualified petitioner from the appointment.

Petitioner thereafter appealed his medical disqualification to the New York City Department of Personnel, which took no action in connection with the matter for some five months. Finally, in March of 1985, a second psychiatric examination was conducted, and the same finding was made—petitioner should be disqualified for the position of bus maintainer "A" because there was a risk that his psychopathology would recur. The Director of Personnel then disqualified petitioner, who promptly appealed the determination to the New York City Civil Service Commission. In September of 1985, five months after petitioner had filed his appeal, the Department of Personnel submitted its report, and petitioner requested a hearing to rebut what he believed to be factual inaccuracies contained in the Department's account. The parties were informed in April of 1986 that a hearing would be conducted on June 16, 1986, but, shortly before the scheduled date, the Department of Personnel requested an adjournment. The hearing was ultimately held on July 9, 1986. On August 14, 1986, the Commission issued a decision overturning petitioner's medical disqualification, stating that:

"We have carefully reviewed the documentary and testimonial evidence presented to us. Appellant has demonstrated no psychological nor drug-related difficulties since 1971. No medical disability has been diagnosed since that time. The Department relies primarily on Dr. Petrone's assertion of a 50 percent possibility of recurrence of appellant's disorder and on his concern that appellant's awareness and insight into his illness is low due to his lack of follow-up treatment. This concern, we believe, has been rebutted by appellant's record

over the past fifteen years. He has had an exemplary record with the Transit Authority. During that time he has been responsible for driving buses throughout the depot. His duties as a Bus Maintainer 'A' would involve few changes from his present position. Only rarely would he be responsible for driving on City streets; these occasions would not involve transporting passengers. His primary driving responsibilities would be within the depot; therefore, the public will not be exposed to risk.

"We, therefore, conclude that appellant is capable of performing the duties of a Bus Maintainer 'A' at the present time. We also believe that appellant possesses no mental disability that can reasonably be expected to prevent him from carrying out the responsibilities in the future".

The Department of Personnel subsequently advised petitioner that it would not appeal the ruling by the Civil Service Commission. Nonetheless, on August 26, 1986, 12 days after the Commission's determination, the eligible list from which petitioner was to be certified expired. A new list, based upon an examination that had been administered in July of 1986, was published on August 27th. The Department of Personnel, therefore, informed petitioner that he was no longer eligible for the position being sought and would not be certified. Petitioner then requested that the Department place him on a special eligible list so that he could be considered for the bus maintainer "A" vacancies that were to be filled in the near future. Respondent Personnel Director denied the request, claiming that it did not have the authority to establish a special eligible list and that petitioner's eligibility terminated with the expiration of the eligibility list. The instant proceeding pursuant to CPLR article 78 ensued.

The Supreme Court denied petitioner's application and, instead, granted respondents' cross motion to dismiss on the ground that the petition failed to state a cause of action. According to the court, "[t]he function of judicial review in an Article 78 proceeding is not to weigh the facts and merits de novo and substitute the Court's judgment for that of the agency's determination, but rather to decide whether such can be supported on any reasonable basis." Petitioner has appealed, arguing that he possesses a property interest in the right to appeal his medical disqualification; that respondents' action in declining to extend his eligibility beyond the duration of the eligibility list circumscribed his right to appeal; that he was not given notice that his right to appeal was so

limited; and that respondents' refusal to certify him for bus maintainer "A" violates due process and, in addition, was arbitrary, capricious and an abuse of discretion.

Relevant to the matter herein are certain sections of the State Civil Service Law and the New York City Charter. Specifically, Civil Service Law § 50 (4) provides that:

"Disqualification of applicants or eligibles. The state civil service department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible * * *

"(b) who is found to have a physical or mental disability which renders him unfit for the performance of the *duties of* the position in which he seeks employment, or which may reasonably be expected to render him unfit *to* continue to perform the duties of such position * * *

"No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification."

Section 812 (c) of the New York City Charter authorizes the Civil Service Commission "to hear and determine appeals by any person aggrieved by any action or determination of the personnel director" made pursuant to enumerated provisions of that chapter, and the Commission "may affirm, modify, or reverse such action or determination." Respondents, however, rely upon Civil Service Law § 56, which states, in pertinent part, that "[t]he duration of an eligible list shall be fixed at not less than one nor more than four years * * * An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction." In that regard, respondents urge that the appointment of a candidate to a civil service position after the expiration of the applicable eligible list is a legal impossibility, citing *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights* (44 NY2d 904), *Matter of Tanzosh v New York City Civ. Serv. Commn.* (44 NY2d 906) and *Matter of Cash v Bates* (301 NY 258).

At the outset, it should be noted that while an individual who has performed well on a civil service examination does not have a right to actually receive an appointment, he does possess a property right to be considered for the appointment

in question *(Drogan v Ward,* 675 F Supp 832; *see also, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526). Moreover, pursuant to Civil Service Law § 50 (4) and City Charter § 812 (c), an applicant whose certification as an eligible is rejected because of a physical or mental disability has a statutory right to appeal that disqualification. The right to utilize adjudicatory procedures established by State law also constitutes a property interest *(Logan v Zimmerman Brush Co.,* 455 US 422). In *Logan v Zimmerman Brush Co. (supra)* the United States Supreme Court held that an administrative appeal process under the Illinois Fair Employment Practices Act was a constitutionally protected property interest.

According to the United States Supreme Court, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property" *(Board of Regents v Roth,* 408 US 564, 569). In the view of the court therein, property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law" *(Board of Regents v Roth, supra,* at 577; *see also, Cleveland Bd. of Educ. v Loudermill,* 470 US 532). At a minimum, due process necessitates that the "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case" *(Mullane v Central Hanover Trust Co.,* 339 US 306, 313). As the Supreme Court declared in *Board of Regents v Roth (supra)* a State may not, in regulating eligibility for employment, preclude access in a manner that contravenes due process and denies the right to a prior hearing *(see also, Cleveland Bd. of Educ. v Loudermill, supra).* Thus, before an individual can be divested of any meaningful property interest, due process mandates that he be accorded an opportunity to be heard *(Cleveland Bd. of Educ. v Loudermill, supra; Boddie v Connecticut,* 401 US 371). The New York State Court of Appeals has similarly determined that "[f]undamental notions of procedural due process require that before the State may deprive a person of a significant property interest in aid of a creditor, that person be given notice and an opportunity to be heard prior to deprivation of that interest" *(Sharrock v Dell Buick-Cadillac,* 45 NY2d 152, 163).

Respondents concede that where an applicant files a judicial action prior to the expiration of an eligible list, the fact that the term of the list expires during the pendency of the litigation does not preclude relief. Indeed, the Court of Ap-

peals has expressly held that a person is not foreclosed from seeking a civil service position when a judicial proceeding to compel appointment is commenced prior to the expiration of the eligible list (*Matter of Mena v D'Ambrose*, 44 NY2d 428; *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights, supra; Matter of Tanzosh New York City Civ. Serv. Commn., supra*). However, respondents contend that the foregoing is a limited exception to the rule that there can be no appointment subsequent to the termination of the eligible list on which the applicant's name appears. Since petitioner herein did not institute his judicial proceeding until after the list had expired, respondents assert, he is barred from demanding that he be placed on a special list. Respondents' argument in this respect is unpersuasive.

The United States Supreme Court has rejected the sort of distinction which respondents are attempting to make between administrative procedures and judicial proceedings. In *Logan v Zimmerman Brush Co. (supra)* the court stated that due process not only protects civil litigants who seek redress in the courts but also prevents the State from denying persons recourse to established adjudicatory procedures "when such an action would be 'the equivalent of denying them an opportunity to be heard upon their claimed right[s]' " (at 429-430). That case involved the Illinois Fair Employment Practices Act, which barred employment discrimination on the basis of physical handicap unrelated to ability. It also provided for a comprehensive scheme for adjudicating allegations of discrimination. To obtain relief, a complainant had to bring a charge of unlawful conduct before the Illinois Fair Employment Practices Commission within 180 days of the occurrence of such purported conduct. The statute then gave the Commission 120 days within which to convene a fact-finding conference and explore the possibility of a settlement. If the Commission found substantial evidence of illegal conduct, it was to attempt to eliminate the effect thereof by means of conference and conciliation, and, if that proved impossible, to issue a formal complaint against the employer. Although appellant filed a timely complaint of discrimination against his employer, the Commission scheduled the conference for a date 5 days after the expiration of the 120-day statutory period. The Commission thereafter denied the employer's motion that the charge against it be dismissed for failure to hold a timely conference. On appeal, the Illinois Supreme Court concluded that because it had not complied with the 120-day require-

ment, the Commission no longer had jurisdiction to consider the complaint. However, the United States Supreme Court reversed, holding that the right to use the Fair Employment Practices Act adjudicatory procedures was a constitutionally protected property interest.

In *Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.* (61 NY2d 542), the New York State Court of Appeals gave recognition to the authority of *Logan v Zimmerman Brush Co. (supra)* when it determined that "[t]he Human Rights Law provision that bases employer liability upon a finding of discrimination creates a constitutionally protected interest" *(supra,* 61 NY2d, at 548), specifically mentioning the United States Supreme Court case. Further, the Court of Appeals declared that "a claim under this statute may not be finally dismissed consistent with due process unless an opportunity is granted for a hearing appropriate to the nature of the case" (at 548). Although the court did uphold the dismissal by the State Division of Human Rights of certain complaints before it on the ground of administrative convenience, as authorized by Executive Law § 297, the court proceeded to note that because a lawsuit may be instituted as if a complaint had never been filed where the complaint is dismissed for administrative convenience, "complainants here could maintain the same type of action under the Human Rights Law in State court and receive a hearing on the merits in satisfaction of due process" (at 548-549). Again, the Court of Appeals referred to *Logan v Zimmerman Brush Co.* (455 US 422, *supra).* Consequently, the Court of Appeals permitted the dismissal of the administrative complaints to stand only because the complainants had a legal remedy—they could commence litigation.

Respondents, however, urge that *Matter of Tanzosh v New York City Civ. Serv. Commn.* (44 NY2d 906, *supra)* is dispositive of the instant matter. In that case, the Court of Appeals, in an opinion affirming the First Department's dismissal of the article 78 proceeding therein, stated (at 907) that: "Petitioner did not commence this article 78 proceeding seeking appointment until after the subject list of eligibles had expired. Accordingly, the courts may grant him neither appointment from that expired list * * * nor the equivalent relief he now seeks of retroactive seniority in his subsequently obtained civil service position * * * We express no view as to what would be the proper result had petitioner instead commenced a proceeding prior to the expiration of the list and that

proceeding had been dismissed for a failure to exhaust his administrative remedies."

It is crucial that *Matter of Tanzosh v New York City Civ. Serv. Commn. (supra)* was decided some four years before the United States Supreme Court handed down *Logan v Zimmerman Brush Co. (supra)* that it did not address the constitutional issue involved and, moreover, that it is factually distinguishable from the situation before us now. In *Matter of Tanzosh v New York City Civ. Serv. Commn. (supra)* the eligible list had terminated on March 5, 1975, fully eight months *before* petitioner was found qualified (on Nov. 3, 1975) for the position being sought. The Department of Personnel could not have certified petitioner prior to the expiration of the list because, at the time, he was not considered medically capable of the appointment. In the present matter, the eligible list did not expire until after the appeal process had been completed, and petitioner was determined to be qualified *before* the expiration of the list. While the Department of Personnel could have considered petitioner for the position after he won his administrative appeal, it failed to do so. (There were, at the time, apparently four vacancies for the position being sought by petitioner.) Instead, the Department simply allowed the life of the list to expire. Thus, by its own inaction, the Department of Personnel was able to nullify the entire statutorily authorized appeal process.

Indeed, the situation concerning petitioner here is, if anything, even more egregious than that confronting the appellant in *Logan v Zimmerman Brush Co. (supra)*. In the latter case, the administrative process, having been aborted by the Illinois Supreme Court, never took place while, in the instant situation, petitioner went through the entire statutory appellate procedure and prevailed, only to have respondents render meaningless his successful appeal.

It should also be noted that no city or State statute or regulation restricts the right to appeal a physical or mental disqualification to the duration of the eligible list. The only time period prescribed anywhere is contained in rule 8.3.3 (a) of the Rules and Regulations of the City Personnel Director, which requires that the appeal must be filed within 30 days of the notification of the adverse action. Respondents, however, have not only adopted a limitation not authorized by law, but do not even advise applicants such as petitioner that all statutory appeal rights are terminated at the expiration of the list. Therefore, an applicant is not informed that it is essential

for him to monitor the progress of the eligible list so that he can institute a judicial proceeding prior to its expiration. (Then, ironically, respondents could claim that the petitioner had not exhausted his administrative remedies).

While it is true that in *Matter of Mena v D'Ambrose (supra)* the article 78 proceeding was commenced one month prior to the expiration of the eligible list, it is instructive to quote from the opinion of the Court of Appeals therein *(supra,* 44 NY2d, at 433): "It is undisputed that petitioners' scores were improperly computed resulting in an inaccurate eligible list as to them and they were aggrieved thereby. Thus they are entitled to the continuation of a *special eligible list,* consisting of the names of the three petitioners, for a period consistent with section 56 commencing at the time when the list was corrected. The list, as continued, will be subject to the applicable Civil Service Law provisions, such as section 61 which provides for the selection of one-out-of-three certified persons. Thus the list shall continue until such time as one of the petitioners is appointed pursuant to the Civil Service Law or until it expires by operation of section 56, whichever occurs first. To apply the statute in the strict and inflexible manner suggested by the dissent would in effect allow the respondents to circumvent the provisions of the Civil Service Law which require appointment in accord with specified standards. These standards were adopted pursuant to the constitutional direction that all appointments be made on the basis of merit and fitness. Although there does exist a strong policy that appointments be made from contemporary lists, *this policy must be secondary to the constitutional mandate* governing appointment which is implemented by the Civil Service Law standards." (Emphasis added.)

Therefore, the Court of Appeals has expressly asserted that State constitutional imperatives take precedence over any possible consideration of public policy with respect to utilizing the most current eligible lists possible. Indeed, the first and foremost public policy is that constitutional requirements be observed, particularly where, as here, the constitutional standard has been established by the United States Supreme Court. Further, contrary to what was at issue in *Hurley v Board of Educ.* (270 NY 275) wherein the Court of Appeals held that a defunct list may not constitutionally be revived, petitioner in the instant matter is not seeking to extend the duration of the old list; he is requesting that this court fashion precisely the same remedy as did the Court of Appeals in

*Matter of Mena v D'Ambrose (supra)*. In *Matter of Mena v D'Ambrose (supra)* the court specifically distinguished *Hurley v Board of Educ. (supra)* from the matter before it therein. Consequently, the issue here is not the specific remedy involved—the Court of Appeals in *Matter of Mena v D'Ambrose (supra)* deemed the creation of a special list to be appropriate —but whether the relief is limited to a party who has instituted a judicial proceeding prior to the expiration of the list, as urged by respondent Department of Personnel, or must also be available to someone who has commenced an administrative appeal before the termination of the list. In view of the clear holding of the United State Supreme Court in *Logan v Zimmerman Brush Co. (supra)* that the right to invoke a statutory adjudicatory procedure is a constitutionally protected property interest, no other conclusion is possible except that the remedy ordered in *Matter of Mena v D'Ambrose (supra)* must also be accorded to an individual who has filed an administrative appeal during the life of the list.

The fact is that acceptance of respondents' reasoning would make petitioner's ability to invoke his right to appeal entirely subject to the arbitrary and capricious whim of the municipal authority. A city agency can simply, inadvertently or with deliberation, delay the appeal process. Sufficient delay will inevitably result in the expiration of the eligible list. By that means, an applicant would be deprived of his right to appeal through no fault of his own, and he would be totally without legal resort. Indeed, a legal right which can be so easily circumvented, whether unintentionally or willfully, is no right at all. In the instant matter, the eligible list from which petitioner was to be certified expired 12 days after the Civil Service Commission issued its determination. Under respondents' interpretation of the law, petitioner could only have protected his interests by commencing a judicial proceeding. Yet, he could not have brought a court suit prior to exhausting his administrative remedies, which occurred only 12 days before the life of the eligible list terminated. Since petitioner won his administrative appeal and, therefore, was not aggrieved by the Commission's decision, he could hardly challenge it in court even had his attorney been able to prepare and file the papers in the short time available. Respondents would, thus, have the appeal process rendered an enormous waste of time, effort and resources, and, even worse, petitioner, would, in effect, have been deprived of any right to dispute the initial finding of mental incapacity. This is simply

a violation of his right to due process, and it is regrettable that respondents do not perceive that their construction of Civil Service Law § 56 would leave petitioner and others similarly situated without meaningful legal redress.

Significantly, the Department of Personnel's failure to provide notice of its self-imposed duration-of-the-list requirement has led the New York City Civil Service Commission to invalidate as a violation of due process the very practice being challenged here. In *Matter of Assing,* which involved the consolidated appeals of 21 employees whose situation was similar to that of petitioner herein, the Civil Service Commission noted that: "The position of the Department of Personnel renders meaningless the right of appeal guaranteed in the City Charter. To accept Personnel's position would require all persons aggrieved by Personnel Director actions to immediately institute an Article 78 proceeding in order to prevent being denied consideration should the eligible list expire during the pendency of the appeal to the Civil Service Commission. Requiring appellants to routinely seek judicial intervention to protect their places on the eligible lists should they prevail at the Commission would be a waste of judicial resources."

As the Civil Service Commission aptly pointed out later in that same opinion, "the right of appeal articulated in the City Charter contains limitations only as to time for filing and subject matter. If the right to appeal is restricted by the duration of the eligible list, then due process requires that appellants be so notified." Thus, the Commission has rejected almost precisely the arguments being advanced by respondents in connection with the instant appeal, including their claim that *Matter of Tanzosh v New York City Civ. Serv. Commn. (supra)* is controlling.

There is no material difference between *Logan v Zimmerman Brush Co. (supra)* in which it was found to be an unconstitutional deprivation of a property right to dismiss an employee's statutory administrative complaint (because the fact-finding hearing was not convened by the Commission within the prescribed time period) and the present case, where the employee has prevailed on the statutory administrative appeal while the eligible list is still in effect and while vacancies exist, but the municipality never makes the appointment and allows the list to expire. If anything, the instant situation presents a more constitutionally offensive scenario.

Where the law provides an applicant with the right to appeal a medical disqualification, a State or municipal agency may not constitutionally deprive him of that right without statutorily mandated notice. Moreover, it was due to the erroneous determination on the part of the Transit Authority and the Department of Personnel that petitioner was not psychologically qualified to be a bus maintainer "A" that compelled him to invoke administrative proceedings to vindicate his rights. Respondents may not now rely upon the fact that the eligible list expired shortly thereafter to support their claim that petitioner cannot be considered for appointment. "Inasmuch as he filed his complaint [administrative proceeding] before expiration of the list, the expiration thereof does not preclude relief" *(Matter of State Div. of Human Rights v County of Onondaga,* 84 AD2d 931).

Accordingly, order of the Supreme Court, New York County (Kenneth L. Shorter, J.), entered on May 13, 1987, which denied the petition pursuant to CPLR article 78 and granted respondents' cross motion to dismiss the petition, should be reversed, on the law, the petition granted, the cross motion to dismiss denied, and respondents are directed to place petitioner's name on a special eligible list for bus maintainer "A", without costs or disbursements.

WALLACH, J. (concurring). I do not think that *Matter of Tanzosh v New York City Civ. Serv. Commn.* (44 NY2d 906) and *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights* (44 NY2d 904) can be factually distinguished from the situation presented in this case. But what persuades me to vote for reversal is that strict application of the rule in those decisions results in an unconstitutional denial of a due process opportunity to be heard, and also an impermissible withholding of equal protection of law.

In *Logan v Zimmerman Brush Co.* (455 US 422), the United States Supreme Court held that to deny Logan relief on the basis of a loss of jurisdiction by the Ohio regulatory agency charged with preventing employment discrimination would be to countenance the denial of procedural due process by foreclosing his right to a hearing on the merits. That, indeed, was the thrust of the first opinion for the *Logan* court by Justice Blackmun, with five other Justices concurring. In a second "separate" opinion, Justice Blackmun, joined by three other

Justices,[1] found that Logan was also denied equal protection because the Ohio statutory scheme, if applied, created an irrational class distinction, namely, one group for whom the agency acted timely could succeed, but the second disfavored group (for whom the agency might act tardily) would inevitably fail to obtain a hearing.

The New York scheme under review here reveals a more irrational distinction than that found unconstitutional in Ohio.[2] The first distinction to fall short of equal protection is the differentiation of those litigants who pursue administrative relief rather than a premature action in the courts. Expressly left "open" in *Tanzosh (supra)* was the effect of commencing an action—albeit doomed to defeat for failure to exhaust the administrative remedy—and whether this step would preserve the petitioner's right to litigate over an "expired" list. Even more pertinent here is the artificial distinction drawn between the petitioner who prevails in the administrative proceeding, and the one who does not. Paradoxically it is the second unsuccessful petitioner who ends up in a better position: he at least has standing to institute an immediate CPLR article 78 petition as a party aggrieved. By the same token, the "winner" at the agency is deprived of access to the courts for lack of aggrievement, but if the agency should delay until the relevant list expires, that petitioner's rights are extinguished. Yet that is precisely the effect of the dissenters' position, and why it violates due process both in its equal protection, as well as procedural, sense.

Accordingly, I vote to reverse.

SULLIVAN, J. (dissenting). Petitioner, employed by the Transit Authority as a maintainer helper "B", passed an examination for promotion to the position of bus maintainer "A" in October 1983, and was placed on the eligible list established on March 21, 1984. In August 1984, as part of the testing for the position, he was examined by a Transit Authority psychiatric consultant. As a result of the examination, he was medically disqualified due to a history of schizophrenia and drug abuse.

1. The case is unusual in that one Justice wrote two opinions.

2. It would appear that these due process arguments were not made, and therefore not addressed, by the Court of Appeals in *Matter of Tanzosh v New York City Civ. Serv. Commn.* (44 NY2d 906) and *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights* (44 NY2d 904).

Petitioner appealed this decision to the New York City Department of Personnel, which conducted a second psychiatric examination in March 1985. After its psychiatric consultant also concluded that petitioner should be disqualified for the position due to the risk of recurrence of his psychopathology, the Department of Personnel disqualified him for promotion in April 1985.

Petitioner thereafter appealed this decision to the New York City Civil Service Commission. A hearing was held, and, by decision dated August 14, 1986, the Civil Service Commission overturned petitioner's medical disqualification, noting his "exemplary record with the Transit Authority", and finding that "the public [would] not be exposed to risk" by his promotion. In concluding that he was qualified to perform the duties of bus maintainer "A", the Commission also expressed the view that he did not suffer from any "mental disability that can reasonably be expected to prevent him from carrying out the responsibilities in the future."

On September 4, 1986, the Department of Personnel advised petitioner that it had decided not to appeal the decision and would certify him for the promotion. Thereafter, the Department learned that it was unable to do so, since a new examination had been administered for the bus maintainer "A" position in July 1986 and a new list established. The list on which petitioner's name appeared had expired on August 26, 1986.

Accordingly, on September 5, 1986, the Department of Personnel informed petitioner that he was no longer eligible for the position he sought, and would not be certified. By letter dated September 26, 1986, it denied his request that he be placed on a "special eligible list", advising him that it lacked the authority to establish such a list.

Petitioner thereupon commenced this proceeding, alleging that the failure to certify him, based on the expiration of the eligible list, was arbitrary and capricious and violative of his rights under the Due Process Clauses of the New York State and United States Constitutions. The court hearing the matter granted the motion of respondents, the New York City Department of Personnel and its Director, to dismiss. We would affirm.

Pursuant to Civil Service Law § 56, the list on which petitioner's name appeared expired when a new list, based on the more recent examination, was created. Once this occurred, the

Department of Personnel was without power to certify petitioner for the position he sought. NY Constitution, article V, § 6, provides: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examinations, which, as far as practicable, shall be competitive". In *Hurley v Board of Educ.* (270 NY 275) the Court of Appeals interpreted article V to invalidate legislation permitting the hiring for civil service employment of applicants whose names appeared on an eligible list which had terminated by reason of the creation of a new list. In holding that the Legislature was constitutionally without the power to command appointments from an expired list, the court stated: "A competitive examination may demonstrate merit and fitness, at the time of the examination. As time passes, its value as a test of merit and fitness diminishes. Others may, then, be better prepared and more fit to fill a position than those who are upon the list. The Legislature, or administrative boards or officers, to whom that function has been delegated under appropriate instructions, may determine how long an existing list shall remain in force and when a new examination shall be held. While the list, prepared in 1928, was still in force, the Legislature exercised that power, without challenge, by extending the life of the list for one year. When that period had passed and a new eligible list was prepared and published, the Legislature was without power to revive the old list. Those on the old list were then no longer eligible for appointment, and the Legislature is without power to confer eligibility. That must be ascertained solely by competitive examination" *(supra,* at 280). The Court of Appeals reiterated this rule in *Matter of Cash v Bates* (301 NY 258, 261), stating, "[A]ppointment of any of the petitioners after the expiration of the eligible list was a legal impossibility". *(See also, Matter of Tanzosh v New York City Civ. Serv. Commn.,* 44 NY2d 906, *affg* 58 AD2d 522; *Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 44 NY2d 904, *affg* 58 AD2d 787.)

In *Matter of Mena v D'Ambrose* (44 NY2d 428), the Court of Appeals announced a limited exception to the bar against appointments subsequent to the expiration of the eligible list. There, pursuant to court order and shortly before it was due to expire, the eligible list was adjusted as to one candidate and subsequently readjusted to reflect, as well, the corrected status of the petitioners, who had commenced a judicial proceeding

during the life of the list. The court held, "[T]hat the list expired during the course of the litigation ought not and does not preclude relief" *(supra,* at 433), and ruled that the statutory time period for the life of the list did not begin to run until the errors were corrected. In another case decided the same year, *Matter of Tanzosh v New York City Civ. Serv. Commn.* (44 NY2d 906, *supra),* the Court of Appeals held that where the petitioner "did not commence this article 78 proceeding seeking appointment until after the subject list of eligibles had expired * * * the courts may grant him neither appointment from that expired list * * * nor the equivalent relief he now seeks of retroactive seniority in his subsequently obtained civil service position" *(supra,* at 907; *see also, Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 44 NY2d 904, *supra).*

Petitioner, citing *Matter of State Div. of Human Rights v County of Onondaga* (84 AD2d 931), argues that the commencement of his administrative proceeding during the life of the eligible list should entitle him to be appointed following the expiration of the list. That case, however, is inconsistent with the holding in *Tanzosh (supra)* and thus was not binding on the Department of Personnel, which was obliged to follow the authority of the Court of Appeals. In any event, *County of Onondaga* was decided on an apparent misreading of *Matter of Mena v D'Ambrose* (44 NY2d 428, *supra),* which the Fourth Department cited in holding that relief was not barred even though the eligible list had expired, since the complainant had filed a complaint with the State Division of Human Rights before the list's expiration. As both *Mena (supra,* 44 NY2d, at 432-433) and *Tanzosh (supra,* 44 NY2d, at 907) make clear, however, relief may be granted only if a judicial proceeding is commenced before expiration of the eligible list.

Petitioner also argues that the Department of Personnel acted improperly when it did not certify him for appointment immediately following the Civil Service Commission decision. The Department, however, pursuant to CPLR article 78, had four months to consider whether to appeal the Commission's decision. Moreover, petitioner's nonappointment was not necessarily caused by respondents' delay in certifying him. Even had the Department of Personnel certified petitioner on the day of the Civil Service Commission decision, there is no guarantee that he would have been appointed in the short interval—12 days—prior to the expiration of the eligible list. It should be noted that no other applicant was appointed from

the eligible list in the interval between the Civil Service Commission decision and the expiration of the list.

As the motion court properly noted, the determination of an administrative agency will not be disturbed where it has a reasonable basis. *(Matter of Clancy-Cullen Stor. Co. v Board of Elections,* 98 AD2d 635.) Respondents' determination that petitioner could not be certified for promotion was not only reasonable, but mandated by applicable law.

In granting the petition and directing that respondents place petitioner's name on a special eligible list, the majority holds, erroneously, in our view, that respondents' noncertification of petitioner deprived him of a property right without due process of law. "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions * * * defined by existing rules or understandings that stem from an independent source such as state law" *(Board of Regents v Roth* (408 US 564, 577; *see also, Cleveland Bd. of Educ. v Loudermill,* 470 US 532; *Bishop v Wood,* 426 US 341, 344; *Perry v Sindermann,* 408 US 593, 599-603). In this regard, the Supreme Court has repeatedly held that individual entitlement grounded in State law and defeasible only for cause is the hallmark of a property interest. *(Memphis Light, Gas & Water Div. v Craft,* 436 US 1, 11-12; *Goss v Lopez,* 419 US 565, 573-574; *Board of Regents v Roth, supra,* 408 US, at 576-578.) Under well-settled New York law, petitioner does not have a property interest in an appointment to the position he sought. "The mere appearance of petitioner's name on an eligible list was a subjective 'expectancy' and did not create any vested right to appointment". *(Matter of Tanzosh v New York City Civ. Serv. Commn., supra,* 58 AD2d, at 523.)

Relying on *Logan v Zimmerman Brush Co.* (455 US 422), however, the majority holds that petitioner's right to appellate review of his medical disqualification is a property interest protected by the Due Process Clause. *Logan* is inapposite. In *Logan,* Illinois State law provided the claimant with the right of review of his employment discrimination claim. The review procedures required that a fact-finding conference be scheduled within 120 days. Inadvertently, the State agency neglected to schedule the conference until after the expiration of the statutory period, and the claim was dismissed for lack of jurisdiction. The Supreme Court held that the right to a hearing under the statutory scheme was a property right of which the State, by its rigid application of the 120-day limitation, had arbitrarily deprived claimant.

While petitioner does have a right, as a matter of State law, to an adjudicatory process which includes judicial as well as administrative review of an adverse determination, any right of redress is, of necessity, as the Court of Appeals has held, circumscribed by the life of the eligible list on which his name appears. *(See, Matter of Tanzosh v New York City Civ. Serv. Commn.,* 44 NY2d 906, *supra; Matter of Mena v D'Ambrose,* 44 NY2d 428, *supra; Matter of New York City Dept. of Personnel v New York State Div. of Human Rights,* 44 NY2d 904, *supra.)* This restriction is more than a mere procedural limitation on petitioner's right of access to the State's adjudicatory procedures, as was the case in *Logan (supra).* New York's interest in limiting appointments to current eligible lists as required by article V, § 6 of the NY Constitution *(see, Hurley v Board of Educ.,* 270 NY 275, *supra)* is a substantial one. The States are free to create substantive adjudicatory defenses or immunities to the rights they create and, in so doing, they do not offend due process notions. *(See, Martinez v California,* 444 US 277.) Thus, the proscription against an appointment from an expired eligible list is "merely one aspect of the * * * definition of [the] property interest" New York has created *(supra,* at 282, n 5; *cf., Ferri v Ackerman,* 444 US 193, 198). Indeed, *Logan* held that "the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule" *(supra,* 455 US, at 437, citing cases). It should also be noted that the constitutional issue was presented in *Tanzosh,* decided several years before *Logan,* both in this court and the Court of Appeals, and implicitly rejected.

The speculation by Justice Wallach in his concurring opinion that any judicial proceeding commenced prior to final resolution of petitioner's administrative appeal would be dismissed because of failure to exhaust his administrative remedies ignores the court's reservation in *Tanzosh (supra).* The court specifically left open the question "as to what would be the proper result had petitioner instead commenced a proceeding prior to the expiration of the list and that proceeding had been dismissed for a failure to exhaust his administrative remedies" *(supra,* 44 NY2d, at 907). Equally unavailing is the argument that a second State-created classification exists consisting of those applicants who, although successful in their administrative challenge, are deprived of access to the courts for lack of standing since they are not aggrieved. In reaffirming the principle that the courts may not direct ap-

pointment from an expired list, the Court of Appeals in *Tanzosh* recognized, in effect, only one classification of applicant—the rejected candidate seeking vindication of his asserted right to appointment. His right to the State's adjudicatory process is limited only to the extent that he may not be appointed after expiration of the eligible list. Thus, in the context of the issue before us, his only concern is with the demise of the list before commencement of a judicial proceeding to compel appointment. *(See, Matter of Mena v D'Ambrose, 44 NY2d 428, supra.)* The question of whether he is barred from the State's review processes in the event he commences a judicial proceeding before exhaustion of his administrative remedies is the question left open by the Court of Appeals. In light of the definitive holding in *Tanzosh* and the clearly delineated reservation as to nonexhaustion of administrative review, it ill-behooves this court to hold New York's review process unconstitutional. Although we also share the majority's discomfort with the conundrum into which petitioner has been placed, we do not perceive that applicable law permits the result reached by the majority, no matter how laudatory its motives.

None of the other cases cited by petitioner compels a finding that the requirement that appointments be made only from the current eligible list deprived him of his due process right to appellate review. In *Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd.* (61 NY2d 542), the Court of Appeals held that the State Division of Human Rights could dismiss a claim for administrative convenience even though "[t]he Human Rights Law provision that bases employer liability upon a finding of discrimination creates a constitutionally protected property interest" *(supra,* at 548). The court's finding that there had not been a due process violation was based on the fact that the complainants had the option of commencing a judicial proceeding, a choice which likewise was available to petitioner up until the expiration of the eligible list.

Finally, petitioner's contention that the Department of Personnel was required to furnish him with notice that the eligible list on which his name appeared was about to expire is without merit. He was on notice that, pursuant to Civil Service Law § 56, an eligible list has a minimum duration of not less than 1 nor more than 4 years. There is no provision in the Civil Service Law or elsewhere which requires the Department of Personnel to inform a candidate that the

eligible list on which his name appears is about to expire. Nor is there any authority holding, or even suggesting, that petitioner, who was represented by counsel, was entitled to be informed of the well-settled law requiring him to commence a judicial proceeding before the expiration of the list.

Accordingly, the judgment dismissing the petition should be affirmed.

ELLERIN, J., concurs with MILONAS, J.; WALLACH, J., concurs in a separate opinion; SANDLER, J. P., and SULLIVAN, J., dissent in an opinion by SULLIVAN, J.

Order, Supreme Court, New York County, entered on May 13, 1987, reversed, on the law, the petition granted, the cross motion to dismiss denied, and respondents directed to place petitioner's name on a special eligible list for bus maintainer "A", without costs and without disbursements.