OPINION OF THE COURT
Simons, J.
Plaintiffs are the owners and tenants of a four-bedroom house in Massapequa in the Town of Oyster Bay, Long Island, which is in violation of the Town zoning ordinance. They commenced this action against defendants, the Town of Oyster Bay, the Town Council and its supervisor and building inspector, for a declaration that that portion of the ordinance *547 restricting "single-family” housing to any number of persons related by blood, marriage or adoption or to two persons not so related but both of whom are 62 years of age or older violates the due process and equal protection clauses of the State Constitution (NY Const, art I, §§ 6, 11) and Human Rights Law § 296 (Executive Law § 296). Plaintiffs also sought an injunction against further enforcement of the ordinance. Following a trial, Supreme Court concluded that the age requirement for defining two unrelated individuals as a family violated the State constitutional guarantee of equal protection of the laws and that the ordinance also violated Executive Law § 296 (5) to the extent it prohibited occupancy of a single-family house by two individuals on the ground of marital status but that the ordinance was in all other respects valid (111 Misc 2d 1046). The combined effect of these rulings was to find the ordinance constitutional insofar as it restricted occupancy of a single-family home to any number of persons related by blood, marriage or adoption or two unrelated persons. On cross appeals, the Appellate Division modified the judgment and declared that the challenged portion of the ordinance was facially unconstitutional under the due process clause of our State Constitution insofar as it prohibits occupancy of one-family homes by persons unrelated by blood, marriage or adoption and that it was constitutional insofar as it limits occupancy of one-family homes to a single housekeeping unit (105 AD2d 46).
Although several issues are raised on defendants’ appeal to this court, one is dispositive: whether defendants’ zoning ordinance may so restrict occupancy in single-family houses. Because we conclude that the definition of family contained in this ordinance on its face infringes upon the due process protections embodied in our State Constitution, we affirm.
The Town of Oyster Bay zoning ordinance establishes a number of use districts, including a "D Residence” district, in which single-family houses are permitted as of right but rooming and boarding houses are allowed only if approved by the Town Board after a public hearing. The ordinance also contains the following definition of "family”:
"(a) Any number of persons, related by blood, marriage, or legal adoption, living and cooking on the premises together as a single, nonprofit housekeeping unit; or
"(b) Any two (2) persons not related by blood, marriage, or legal adoption, living and cooking on the premises together as *548 a single, nonprofit housekeeping unit, both of whom are sixty-two (62) years of age or over, and residing on the premises.”
Plaintiffs Robert and Joan McMinn purchased their house in 1973. It is in a D Residence district. On June 1, 1976, they leased the house to four unrelated young men between the ages of 22 and 25 who had grown up in the area and wanted to remain near their families but not reside with them. Shortly after the tenants moved in, a criminal information was filed against the McMinns in District Court, Nassau County, charging them with violating the zoning ordinance because the house was occupied by more than one family. The McMinns and the tenants then commenced this action seeking declaratory and injunctive relief and the criminal proceedings have been adjourned pending its disposition.* In their complaint, plaintiffs assert only State constitutional and statutory claims and expressly reserve the right to litigate all Federal claims in a Federal forum pursuant to England v Medical Examiners (375 US 411). They contend that the restrictive definition of "family” contained in the ordinance is facially invalid under Executive Law § 296 and the due process and equal protection clauses of the State Constitution (NY Const, art I, §§ 6, 11) or, in the alternative, that it violated these statutory and constitutional provisions as applied to them.
Zoning ordinances, like other legislative enactments, are presumed constitutional and the burden is on the party challenging the ordinance to prove its unconstitutionality beyond a reasonable doubt (Northern Westchester Professional Park *549 Assoc. v Town of Bedford, 60 NY2d 492, 500; Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville, 51 NY2d 338, 344; Marcus Assoc. v Town of Huntington, 45 NY2d 501, 505). Plaintiffs have satisfied that burden.
In order for a zoning ordinance to be a valid exercise of the police power it must survive a two-part test: (1) it must have been enacted in furtherance of a legitimate governmental purpose, and (2) there must be a "reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end” (French Investing Co. v City of New York, 39 NY2d 587, 596; Salamar Bldrs. Corp. v Tuttle, 29 NY2d 221, 222-225; see, Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 500, supra; see also, Montgomery v Daniels, 38 NY2d 41, 54). If the ordinance fails either part of this test, it is unreasonable and constitutes a deprivation of property without due process of law under our State Constitution (French Investing Co. v City of New York, supra, at p 595).
Indisputably, this ordinance was enacted to further several legitimate governmental purposes, including preservation of the character of traditional single-family neighborhoods, reduction of parking and traffic problems, control of population density and prevention of noise and disturbance. The dispute centers on whether the means the local legislature has chosen, the challenged ordinance and more specifically the definition of "family” contained in it, are reasonably related to the achievement of these legitimate purposes.
Manifestly, restricting occupancy of single-family housing based generally on the biological or legal relationships between its inhabitants bears no reasonable relationship to the goals of reducing parking and traffic problems, controlling population density and preventing noise and disturbance (see, Moore v East Cleveland, 431 US 494, 499-500; id., at p 520, n 16 [Stevens, J., concurring]; City of Santa Barbara v Adamson, 27 Cal 3d 123, 610 P2d 436, 441; State v Baker, 81 NJ 99, 405 A2d 368, 373). Their achievement depends not upon the biological or legal relations between the occupants of a house but generally upon the size of the dwelling and the lot and the number of its occupants. Thus, the definition of family employed here is both fatally overinclusive in prohibiting, for example, a young unmarried couple from occupying a four-bedroom house who do not threaten the purposes of the ordinance and underinclusive in failing to prohibit occupancy *550 of a two-bedroom home by 10 or 12 persons who are related in only the most distant manner and who might well be expected to present serious overcrowding and traffic problems.
Nor is the ordinance’s restrictive definition of family saved by the desire to preserve the character of the traditional single-family neighborhood in Oyster Bay. That is a legitimate governmental objective (see, Group House v Board of Zoning & Appeals, 45 NY2d 266, 271; City of White Plains v Ferraioli, 34 NY2d 300, 305; see also, Village of Belle Terre v Boraas, 416 US 1, 9; and see generally, Validity of Ordinance Restricting Number of Unrelated Persons Who Can Live Together in Residential Zone, Ann., 12 ALR4th 238), but a municipality may not seek to achieve it by enacting a zoning ordinance that "limit[s] the definition of family to exclude a household which in every but a biological sense is a single family” (City of White Plains v Ferraioli, supra, at p 306). Zoning is "intended to control types of housing and living and not the genetic or intimate internal family relations of human beings” (City of White Plains v Ferraioli, supra, at p 305) and if a household is "the functional and factual equivalent of a natural family” (Group House v Board of Zoning & Appeals, supra, at p 272), the ordinance may not exclude it from a single-family neighborhood and still serve a valid purpose. This ordinance, by limiting occupancy of single-family homes to persons related by blood, marriage or adoption or to only two unrelated persons of a certain age, excludes many households who pose no threat to the goal of preserving the character of the traditional single-family neighborhood, such as the households involved in White Plains and Group House, and thus fails the rational relationship test.
Plaintiffs rely principally on the claimed invalidity of paragraph (a) of the definition of family. Zoning ordinances may define the term family alternatively to include various circumstances and relationships, as the present ordinance does, but only so long as the ordinance, when read in its entirety, does not exclude any households that due process requires be included. Thus, paragraph (a) of the provision, which defines family as "[a]ny number of persons, related by blood, marriage, or legal adoption”, is not per se unconstitutional provided the ordinance contains an alternative definition of family as any number of unrelated persons living together who meet the indicia we set forth for the functional equivalent of a traditional family in Group House v Board of Zoning & Appeals (supra, at pp 272-273) and City of White Plains v *551 Ferraioli (supra, at pp 305-306). Because the only alternative definition contained in this ordinance — "[a]ny two (2) persons not related by blood, marriage, or legal adoption * * * both of whom are sixty-two (62) years of age or over” — is more restrictive, both as to the number of unrelated persons and their ages, than is constitutionally permissible, however, the entire definition of family contained in the ordinance violates our State constitutional guarantee that no person shall be deprived of property without due process of law.
Defendants contend that the scope of protection accorded under the due process clause of our State Constitution is coextensive with the protection provided by the due process clause of the 14th Amendment and that the challenged portion of the ordinance would survive Federal due process scrutiny under Village of Belle Terre v Boraas (416 US 1, supra). Because the ordinance challenged in this case contains age limitations making it more restrictive than the Belle Terre ordinance and because the Supreme Court did not state in either Belle Terre or Moore v East Cleveland (431 US 494, supra) what definition of family is minimally necessary to survive Federal due process scrutiny, those decisions are not determinative of whether the ordinance before us would withstand Federal constitutional analysis. We have no need to consider the issue, however, for it is clear that the definition of family contained in this ordinance is incompatible with our prior decisions in White Plains and Group House. Although those cases did not involve an explicit adjudication of the homeowner’s constitutional rights, they also cannot reasonably be interpreted as relying upon the public policy favoring establishment of group homes found in the Social Services Law (Social Services Law § 374-c). Quite the contrary, in each case the court expressly disavowed any reliance on the homeowner’s assertion that enforcement of the restrictive definitions of family contained in the challenged ordinance would contravene the State’s Social Services Law and the public policy embodied in it (see, Group House v Board of Zoning & Appeals, 45 NY2d 266, 271, supra; City of White Plains v Ferraioli, 34 NY2d 300, 306, supra; cf. Crane Neck Assn. v New York City/Long Is. County Servs. Group, 61 NY2d 154). Thus, the reasoning employed in White Plains and Group House is equally applicable to the constitutional issue raised on this appeal and provides ample support for the conclusion reached today.
Accordingly, in view of our holding that the definition of *552 family in article I, § 1 of the Building Zone Ordinance of the Town of Oyster Bay is facially unconstitutional under the due process clause of the New York State Constitution (art I, § 6), the order of the Appellate Division should be affirmed, with costs.

 During the trial it was disclosed that the McMinns had entered into a contract for sale of the house, that plaintiff tenants had vacated it and that the contract vendee, her daughter and an unrelated adult male were now residing there. Defendants contended below that this change in circumstances deprived plaintiffs of standing to challenge the ordinance’s validity and rendered the issues moot. Before this court, defendants have withdrawn the contention of mootness and abandoned the challenge to standing. However, in response to the concern expressed in the concurring opinion, we note that this is a declaratory judgment action in which the parties are entitled to a resolution of the legal dispute to guide their future conduct (New York Public Interest Research Group v Carey, 42 NY2d 527). Since the complaint alleges that the criminal prosecution against the McMinns for renting to four unrelated males is still pending, that McMinns own several properties in the township, the rental of which would be restricted by the ordinance which the town fully intends to enforce, and that the four tenants simply moved to another one-family house in Oyster Bay in continued violation of the ordinance, these plaintiffs clearly have standing to challenge the legal limitations imposed on their properties and their ability to rent such properties in the future.