■ In the Matter of MARIO MEROLA, Petitioner, v PEGGY BERNHEIM et al., Respondents.—Petition, which seeks a judgment in the nature of a writ of prohibition, pursuant to CPLR article 78, prohibiting respondent Justice Peggy Bernheim from enforcing her order precluding the People from reading to the jurors in their opening statement in People v Ancrum the indictment in its entirety and which also seeks a declaratory judgment, pursuant to CPLR 3001, declaring that the People are entitled to read indictments in their entirety in opening statements in future criminal prosecutions, is dismissed, without costs and without disbursements.

In the matter initiating this proceeding, People v Ancrum, Justice Peggy Bernheim precluded the People from reading to the jurors in their opening statement the introductory, non-substantive paragraph of each count of the indictment, which reads "The Grand Jury of the County of Bronx by this indictment accuse the defendant of". The People were not, however, precluded from reading the substance of each count of the indictment. The court advised the Trial Assistant that she had made similar rulings in the past and would continue to do so in the future.

Justice Bernheim granted the People a two-week stay of the proceeding so that they could bring the within petition for an order prohibiting the court from enforcing its order in the case of *People v Ancrum* and declaring the People's right in future prosecutions to read the indictments in their entirety. Petitioner has agreed to dismissal of the article 78 proceeding on the grounds of mootness, since the trial has already taken place, but continues to seek declaratory relief.

The Court of Appeals has cautioned that in entertaining an action for a declaratory judgment attacking a criminal court's ruling, the reviewing court must proceed "carefully and wisely." *(Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 153.) At issue here is a wholly discretionary act by the Trial Judge relating not to an interpretation of a statute or constitutional provision but relating, instead, to how much emphasis should be placed in the People's opening statement on the role of the Grand Jury in indicting individuals. The People have not demonstrated that they will be harmed by this and we, accordingly, fail to find an abuse of discretion. The petition for a declaratory judgment is dismissed. Concur—Ross, Carro, Lynch and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: Justice Bernheim makes it a practice of denying to the District Attorney the right to read the full indictment to the jury.

In the matter which initiated this proceeding, there are six counts, each count, of course, beginning "The Grand Jury of the County of the Bronx by this indictment accuse", etc. It was Justice Bernheim's contention that to read that statment would prejudice the defendant because of the emphasis on the prestige of the Grand Jury and the County of Bronx. Justice Bernheim also made it clear that this was a practice of hers that has taken place in the past and would continue.

A writ of prohibition was sought in the specific case by the District Attorney of Bronx County. However, in order to proceed to trial in accordance with the speedy trial rule, the District Attorney waived that question and requested dismissal of the CPLR article 78 proceeding on the ground of mootness and its conversation to an action for a declaratory judgment.

I would grant that request and declare that the Justice abused her discretion in arriving at her conclusion.

Justice Bernheim's position is well taken if it considers the question of the prejudice to the defendant, as balanced by the People's need to set forth the specifics of the indictment.

Therefore, applying the teaching in *People v Sandoval* (34 NY2d 371), it may very well be that the statement involved should only be read once and not repeated with each count of the indictment. It *should be read* at least once.

In view of the fact that the Justice has emphasized her continuance of the practice, it is indeed proper to make a declaration. *(Cf. McMinn v Town of Oyster Bay,* 66 NY2d 544, 552 [Kaye, J., concurring].)

Accordingly, I would declare that a refusal to read the opening paragraph of the indictment, under any circumstances, is an abuse of discretion.