(February 1, 1988)

■ ROSEANN BAER et al., Appellants, v TOWN OF BROOKHAVEN et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the definition of "family" in Brookhaven Town Code § 85-1B is unconstitutional, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hurley, J.), entered August 6, 1986, as, upon reargument, adhered to a previous judgment of the same court, entered December 20, 1985, which declared that the definition of the term "family" contained in Brookhaven Town Code § 85-1B is constitutional as applied to the plaintiffs.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and upon reargument, the judgment entered December 20, 1985, is vacated, and it is declared that the definition of the term "family" contained in Brookhaven Town Code § 85-1B is unconstitutional on its face.

In *McMinn v Town of Oyster Bay* (66 NY2d 544, 551), the Court of Appeals held as a matter of State constitutional due process that the definition of the term "family" contained in the zoning ordinance of the Town of Oyster Bay was unconstitutional because it was "incompatible" with the court's previous decisions in *Group House v Board of Zoning & Appeals* (45 NY2d 266) and *City of White Plains v Ferraioli* (34 NY2d 300). In those decisions, it was determined that restrictive definitions of the term "family", contained in certain local zoning ordinances could not serve as the basis for enjoining the use of single-family houses as "group homes" either for foster children *(City of White Plains v Ferraioli, supra,* at 306) or for disturbed children *(Group House v Board of Zoning & Appeals, supra).*

We are constrained by this aspect of the holding of the Court of Appeals in *McMinn v Town of Oyster Bay (supra)* to declare that the definition of the term "family" contained in the zoning ordinance of the Town of Brookhaven is unconstitutional, since the definition in question likewise fails to include within its scope the type of "surrogate" families as were described by the Court of Appeals in the *Group House v Board of Zoning & Appeals (supra)* and *City of White Plains v Ferraioli (supra).*

We note that the *McMinn* court, by relying on those cases did not decide whether a local government may place a

reasonable limitation on the number of unrelated persons who may reside together in single-family houses but who do *not* constitute a surrogate family. The concurring opinion of Judge Kaye indicates that local governments *may* legally prohibit unrelated persons, who do not constitute surrogate families, from residing together in such houses in whatever numbers they choose. Although the definition of "family" contained in the Town of Brookhaven's ordinance is unconstitutional because that definition does not include surrogate families, it would appear that a town has the right pursuant to a properly adopted ordinance to restrict the manner of the use of the property by the plaintiffs, which is in essence that of a boarding house. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.