OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs, five unrelated elderly women, live in a house located in a Town of Brookhaven residential zone where only one-family dwellings are permitted as of right. Under the Town Code the term "family” is defined as "[o]ne or more persons related by blood, adoption or marriage, living and cooking together as a single housekeeping unit, exclusive of household servants. A number of persons but not exceeding four, living and cooking together as a single housekeeping unit though not related by blood, adoption or marriage, shall be deemed to constitute a family” (emphasis added). After the Town charged a violation of the four unrelated persons limit, plaintiffs commenced this action seeking, among other things, a declaration that the restrictive definition of "family” violates the State Due Process Clause (see, NY Const, art I, § 6).
In McMinn v Town of Oyster Bay (66 NY2d 544) we addressed the constitutionality of a zoning ordinance which limited the number and age of unrelated persons who could dwell in a single-family home to two persons, 62 years of age or older. We held that the ordinance was invalid because it imposed a restriction on the number of unrelated persons residing together as a functionally equivalent family but imposed no such restriction on related persons. Such differentiation, we said, was not reasonably related to a legitimate zoning purpose and, therefore, violated the State Due Process Clause (see, id., at 550-551). Because the ordinance here similarly restricts the size of a functionally equivalent family but not the size of a traditional family, it violates our State Constitution.
*944 Defendants’ argument that the ordinance withstands Federal constitutional scrutiny (see, Village of Belle Terre v Boraas, 416 US 1) is beside the point inasmuch as the ordinance offends the State constitutional standard. Defendants’ remaining arguments are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.