■ In the Matter of GEORGE RIVERA, Petitioner, v SAMUEL J. ROZZI, as Commissioner of the Nassau County Police Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Nassau County Police Department, dated January 12, 1988, which, after a hearing, found that the petitioner had violated Nassau County Police Department Rules and Regulations, article 6, rule 2 (3); rule 8 (10); article 20, rule 4 (1), and fined him 24 days' pay.

Adjudged that the determination is confirmed, and the

proceeding is dismissed on the merits, without costs or disbursements.

The petitioner, a Nassau County police officer, was invited by a fellow police officer named Jensen to visit Jensen's friend in Ulster County. While there, the friend, who apparently had previously served as a police informant for Jensen, advised the latter that an individual named Strank had been harassing him because of his current activities as an informant for the New York State Police. Jensen proceeded to visit Strank at his home. A heated exchange of words occurred and Jensen tore Strank's shirt. Strank informed the local police of this incident and State Trooper Grazier responded to the residence of Jensen's friend in order to investigate the matter further. Standing outside of the home, State Trooper Grazier entered into communications with the petitioner inside. Although he asked the petitioner to leave the building so that the investigation could proceed, the petitioner refused to comply with this request. Ultimately, he proceeded to exit the home and assist in the investigation only after being ordered to do so by his supervisor.

When the Internal Affairs Unit of the respondent Police Department investigated the matter more than a year later, the petitioner submitted a statement to the effect that he was unaware that the activities engaged in by Trooper Grazier constituted a legitimate police operation. The petitioner further proceeded to testify at Jensen's criminal trial for harassment, at which time he wore his shield above his left breast pocket.

Subsequently, the petitioner was charged with violating three Rules and Regulations of the Nassau County Police Department. In the first instance, because of his initial failure to assist Trooper Grazier in a legitimate police investigation, the petitioner was charged with violating Nassau County Police Department Rules and Regulations, article 6, rule 2 (3), which prohibited "conduct unbecoming * * * [a] member of the Department". Secondly, in view of the statement he provided to the Internal Affairs Unit, he was charged with violating article 6, rule 8 (10) of the Rules and Regulations, which prohibited the submission of a false official statement. Finally, he was charged with violating article 20, rule 4 (1) of the Rules and Regulations, which prohibited a police officer from appearing as a witness for a defendant in a criminal trial without first informing his commanding officer of his intention to do so. Article 20, rule 4 (1) also prohibits an officer from wearing his shield while testifying on behalf of a

criminal defendant unless directed to do so. The petitioner purportedly violated both of the above prohibitions.

After a departmental hearing, the petitioner was found guilty of violating all three regulations.

The petitioner argues that the determination should be annulled on the ground that the pertinent regulations are unconstitutionally overbroad and vague as applied to him. He argues further that the penalty imposed on him was excessive.

The respondent properly determined that the petitioner had violated each of the above three regulations. A person to whom an administrative rule may constitutionally be applied will not be heard to challenge the statute on the ground that it may conceivably be unconstitutional as applied to others in other situations not before the court *(cf., Broadrick v Oklahoma,* 413 US 601; *McMinn v Town of Oyster Bay,* 66 NY2d 544). Although the regulation prohibiting "conduct unbecoming * * * [a] member of the Department" may conceivably be unconstitutionally overbroad and vague when applied to certain conduct, it is clear that under the facts and circumstances of this case, the regulation was not unconstitutionally overbroad and vague as applied to the offending conduct engaged in by the petitioner.

Moreover, the petitioner's claim that the two other rules which he was found to have violated were also overbroad and vague is simply without merit. Both rules used specific language and the record indicates that the petitioner's actions did, in fact, violate the rules *(see, Connally v General Constr. Co.,* 269 US 385).

In conclusion, we find that the penalty of the forfeiture of 24 days' pay which was imposed on the petitioner does not shock one's sense of fairness and thus is not excessive *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.