Hancock, Jr., J.
(dissenting). Petitioner was erroneously disqualified by the New York City Department of Personnel as psychologically unfit and removed from his standing near the top of the eligible list for a civil service promotion. After two years, during which he diligently pursued the available administrative remedies, the mistaken disqualification was rectified. Despite his ultimate success in the administrative proceedings, he was not considered for appointment to existing vacancies. When petitioner finally received the favorable determination, the Department failed to certify him and extend *536 his eligibility. Instead, the list on which his name appeared was replaced and, as a result, the list was automatically terminated. In short, although petitioner "won”, he gained nothing.
Under these circumstances is petitioner entitled to legal relief? By any standard of fairness and common sense he should be. Under what I believe is the governing New York rule (Matter of Mena v D’Ambrose, 44 NY2d 428) he should be. Indeed, the Appellate Division plurality, following the rule we established in Mena, held that petitioner’s rights should be preserved by placing his name on a special extended eligible list.
The majority of this court now holds, however, that petitioner is without a remedy.[1] In doing so, the plurality makes a highly restrictive interpretation of the principle in Mena and relies on factual distinctions that bear no relation to the civil service objectives and governmental interests which purportedly justify such distinctions (see generally, Baer v Town of Brookhaven, 73 NY2d 942; McMinn v Town of Oyster Bay, 66 NY2d 544, 549; French Investing Co. v City of New York, 39 NY2d 587, 596). As a result, petitioner has, in my view, been deprived of a property interest under State law — i.e., the right to be fairly considered for promotion solely on his merit and fitness and the complementary right to preserve that interest by making effective use of the review and appeal process guaranteed him by State law (see, NY Const, art V, § 6; NY City Charter § 812 [c]; Matter of Mena v D Ambrose, supra; see also, Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, 547-548; Matter of Economico v Village of Pelham, 50 NY2d 120, 127). For reasons which follow, I agree with the Appellate Division plurality and concurrer and with the amicus, New York City Civil Service Commission, that failure to afford petitioner his remedy under Mena violates his State and Federal due process rights (see, NY Const, art I, § 6; US Const 14th Amend). Accordingly, I dissent.
*537 I
Petitioner took the civil service competitive examination for the position of bus maintainer "A” and was ranked third out of 37 on the eligible list published in March 1984. When a position became available in August 1984 petitioner was asked to take a physical and psychiatric exam (see, Civil Service Law § 50 [4]). Based on the results of that examination he was disqualified as psychologically unfit. He filed an appeal to respondent New York City Department of Personnel. The Personnel Department, after taking no action for five months, eventually (in Apr. 1985) upheld his disqualification. Although he immediately filed an appeal to the Civil Service Commission, the Department failed to file its reply report until September 1985 and the Commission did not hold a hearing until July 1986. Finally, on August 14, 1986 the Commission reversed, holding that petitioner had been erroneously disqualified by the Department.
At the time of the Commission’s decision, there were apparently four vacant positions, the eligible list was still in existence, and all of the other candidates on the list had been interviewed and either appointed or rejected. Nonetheless, the Department failed to certify petitioner so that he could be considered for one of the vacancies. Instead, with no notice to petitioner, it established a new eligible list on August 26, 1986 and thereby automatically terminated the list that had petitioner’s name on it (see, Civil Service Law § 56). When advised of this in September 1986, petitioner requested that he be placed on a special eligible list pursuant to Matter of Mena (supra) and Matter of State Div. of Human Rights v County of Onondaga (84 AD2d 931). Upon respondent’s denial of this request, he commenced the instant CPLR article 78 proceeding.
II
In Mena a scoring error resulted in a candidate being wrongfully considered for a position although the other candidates, the petitioners, had actually achieved higher test scores. We concluded that this erroneous action violated the constitutional merit and fitness requirement because petitioners had, by the tests, demonstrated greater ability than the candidate who was interviewed and appointed. We held that since petitioners had brought a timely challenge to such action, they were entitled to be placed on a special extended eligible *538 list (44 NY2d, at 432-433, supra). The plurality, however, distinguishes Mena on two grounds: (1) that Mena involved a challenge to the eligibility list and (2) that in Mena judicial action was commenced before the expiration of the list. I believe that neither ground is valid.
At the root of the plurality’s reading of Mena as requiring that the challenged error must relate to the eligibility list itself is its position that only such an error implicates the State constitutional Merit and Fitness Clause (see, plurality opn, at 527-528, 531, 534). This is not so.[2] The use of competitive examinations and the ranking of test takers by their scores is but one part of the legislative scheme designed to satisfy "the overarching constitutional goal and command” of merit selection (McGowan v Burstein, 71 NY2d 729, 734; see, NY Const, art V, §6). The use of the statutory grounds for disqualification (Civil Service Law § 50 [4]) is another necessary part of the process of merit selection (see also, Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526, 528-529). That the error here was in medical diagnosis instead of scoring is irrelevant; both types of errors mischaracterize the applicant’s qualifications and cause someone with less standing to be considered in violation of the Constitution. Indeed, in Matter of Tanzosh v New York City Civ. Serv. Commn. (44 NY2d 906, supra) — a case also involving an allegedly erroneous physical-psychological disqualification under Civil Service Law § 50 (4) (b) — this court did not make the distinction now being made by the plurality, that only an error in the eligible list itself implicates the right recognized in Mena.
Nor does the fact that petitioner here, unlike the petitioners in Mena, failed to commence his CPLR article 78 proceeding until after the list expired, constitute a reason for not according petitioner the same relief given in Mena. There are two reasons why this is so:
(1) The legal principle for our decision in Mena reflects both a principle of fairness to the applicant and the State’s interest in the integrity of the merit and fitness selection system: where there is an error in derogation of the merit and fitness standards, the durational limitation provision of Civil Service *539 Law § 56 is "not intended to exonerate known and continued wrongs of the offending testing agency by the mere passage of time” (44 NY2d, at 433). The efficacy of this rule in no way depends upon commencement of a CPLR article 78 proceeding or whether it was started before or after the expiration of the list. Thus, the principles underlying Mena are fully applicable here. As in Mena, petitioner timely challenged his erroneous disqualification. The belated recognition of error came only after procedures lasting two years, including approximately 17 months of administrative delay in filing papers and scheduling hearings and examinations. When the error was finally corrected the Department failed to certify petitioner so that he could be considered for the available vacancies. As in Mena, it would be both unfair to petitioner and contrary to the civil service concept of merit selection to use this period of bureaucratic delay to exonerate the Department and to deny petitioner relief (see, 44 NY2d, at 432-433).
(2) In any event, unlike the petitioners in Mena, petitioner was not aggrieved until after the list expired. Thus, he had no basis for commencing a CPLR article 78 proceeding. In Mena, the petitioners were expressly informed prior to the expiration of the list that despite the agency’s error their eligibility could not be extended because existing State law did not then permit it. Here, by contrast, petitioner was not informed that his rights would not be honored until after the list expired. Thus, he had every reason to believe that since he had demonstrated the Department’s error, he would receive the relief that had been established in Mena — i.e., that "the statutory durational period [would] not begin to run until the [error was] corrected” (id., at 433).
In sum, in Mena we recognized a right that by its very nature is self-executing: where it is demonstrated prior to the expiration of the eligible list that there were errors in violation of the constitutional merit and fitness requirements, the statutory durational period does not begin to run until the errors are corrected (see, 44 NY2d, at 433, supra; see also, Matter of State Div. of Human Rights v County of Onondaga, 84 AD2d 931, supra.).[3] Applying this rule here, I believe, entitles petitioner to relief. Because he demonstrated that he *540 was wrongfully disqualified from consideration for the promotion, his eligibility could not expire until the error was corrected. The court holds, nonetheless, that this case is distinguishable and, as a result, petitioner is left without recourse under State law. It becomes necessary, therefore, to address his second contention — adopted by the Appellate Division plurality and concurrer and endorsed by the City Civil Service Commission — that the failure to grant Mena relief violates petitioner’s State and Federal due. process rights (NY Const, art I, § 6; US Const 14th Amend). I believe it does.
Ill
Preliminarily, it should be evident that petitioner’s due process argument does not depend on a claimed State law right to appointment. Rather, his property interest stems from his expectancy under State law of being fairly considered for a position based upon his relative merit and fitness. The distinction is critical because the cases relied on by the plurality (Matter of Cassidy v Municipal Civ. Serv. Commn., 37 NY2d 526, supra; Board of Regents v Roth, 408 US 564) involve claimed property rights to appointment. An applicant, such as petitioner, who ranks in the top three for a particular position must be considered, as a matter of statutory right, unless there is some valid ground for finding the applicant unfit (see, Civil Service Law § 50 [4]; § 61).[4]
Petitioner’s State property interest includes the right to be fairly considered solely on the basis of his relative qualifications. It also includes the concomitant right not to be excluded from consideration for a merited appointment by being mistakenly disqualified. It is to assure this protection that the State has devised the appeal procedures which petitioner used here (see, e.g, NY City Charter § 812 [c]; § 813 [a] [3]-[8]; [bj *541 [5]). We have held that this statutory scheme embraces the right to placement on a special eligible list if the employing agency caused an error in violation of the State constitutional Merit and Fitness Clause and a timely challenge is brought (see, Matter of Mena v D’Ambrose, supra). Because, as demonstrated, supra (at 538), there is no basis for substantively distinguishing Mena, the sole remaining ground for denying petitioner Mena relief is that he did not commence a CPLR article 78 proceeding prior to the expiration of the eligible list. I believe that reliance on this factor for nullifying petitioner’s property interest — like the determining procedural requirement in Logan v Zimmerman Brush Co. (455 US 422), that a hearing be held within 120 days — violates his due process rights.
In Logan the Illinois Fair Employment Practices Act required that a hearing be conducted by a State agency within 120 days after the filing of an employment discrimination claim and that a failure to comply with this condition would result in final dismissal of the complaint (455 US, at 426-428). The Supreme Court held that the State had created a property interest in using the FEPA administrative adjudicatory procedures to redress grievances (id., at 431). It specifically rejected the State’s argument that the 120-day time limitation was merely an aspect of the definition of the property right and decided instead that it was a procedural limitation on the claimant’s ability to assert his rights (id., at 433).
In concluding that this procedural limitation violated petitioner’s due process rights the Logan court stressed three factors:
(1) that the dismissal of the claim was not due to any fault of claimant but solely to the government’s failure to act prior to the deadline;
(2) that claimant had a substantial interest in keeping his job and disproving his employer’s erroneous charges of incompetence or inability; and
(3) that no substantial governmental interest was furthered by adherence to the procedural rule which resulted in the defeat of claimant’s property interest.
I believe that Logan controls this case. Here, petitioner had a State-created property interest in being fairly considered for a civil service position and in being able to make effective use of the available administrative processes to correct governmental errors which might defeat that interest. Like the 120- *542 day limitation in Logan, the precondition upon which the majority of this court makes Mena relief depend (that a judicial proceeding be started before the list expires) is purely procedural. Enforcement of this precondition results in a final deprivation of petitioner’s State property interest.
Moreover, as in Logan:
(1) That the limiting precondition was not met was not the result of any failure on petitioner’s part. Rather, it was due to governmental delay in the appeal process and the failure to certify petitioner for available positions.[5]
(2) Petitioner had a substantial interest in being considered for a promotion and in erasing the erroneous determination of psychological unfitness.
(3) No substantial State interest is furthered by giving effect to the prior judicial proceeding precondition. The plurality’s sole attempt to demonstrate a State concern in adherence to this procedural requirement for Mena relief — that the State has an important interest in civil service applicants being appointed from a current list (see, plurality opn, at 534) — seems particularly unconvincing in the light of this court’s holding in Mena. In Mena, of course, the identical consideration existed. The government asserted an interest in appointing only from the current list and in not allowing an applicant’s eligibility to be extended beyond the life of the list. The Mena court specifically rejected this claimed governmental interest and extended the petitioners’ eligibility stating, "Although there does exist a strong policy that appointments be made from contemporary lists, this policy must be secondary to the constitutional mandate governing appointment [i.e., merit and fitness] which is implemented by the Civil Service Law standards” (44 NY2d, at 433, supra).
(4) Finally, as in Logan, the classification resulting from today’s decision — according list-extending rights under Mena to some applicants but not to others depending upon the happening of an event over which the applicant has no control —is entirely arbitrary and produces incongruous and patently unfair consequences (see also, Baer v Town of Brookhaven, supra; McMinn v Town of Oyster Bay, 66 NY2d 544, 549, supra; French Investing Co. v City of New York, 39 NY2d 587, *543 596, supra [there must be reasonable relationship between the legitimate government interest sought to be achieved and the means used]). This can best be demonstrated by an example:
Three job applicants are erroneously disqualified and all file their administrative appeals on the same day. The first applicant’s appeal is decided quickly. He "wins”, is certified, and under Mena the statutory durational period of his eligibility begins to run from the date of correction. He is considered for existing vacancies. The second applicant’s appeal is decided quickly. He "loses” and immediately commences a CPLR article 78 proceeding which the courts resolve in his favor. Under Mena, he has his eligibility extended and is considered for existing vacancies. The third applicant’s appeal procedures are held up due to administrative delays. Eventually they terminate in his favor but not until the eligible list is about to expire. He is not certified immediately. Because he "won” he is not aggrieved and cannot commence a proceeding. Under the decision here, he is entitled to no Mena relief. The list is not extended. He cannot be considered for existing vacancies.
The case of the third applicant is the case before us. That the first and the second applicants should obtain Mena relief but not the third, comports with neither fairness nor common sense and the holding that this is the New York rule results in a violation of petitioner’s Federal and State due process rights. His substantial property interest in being considered for appointment based on merit and fitness and in being able to protect that interest through an effective use of the administrative appeal mechanism is cut off by implementation of a State procedural precondition which does not reasonably further any discernible governmental purpose (see, NY Const, art I, § 6; US Const 14th Amend; Logan v Zimmerman Brush Co., supra; see also, Baer v Town of Brookhaven, supra; McMinn v Town of Oyster Bay, supra, at 549; French Investing Co. v City of New York, supra, at 596).
The order should be affirmed.
Chief Judge Wachtler and Judge Alexander concur with Judge Simons; Judge Bellacosa concurs in result in a memorandum; Judge Hancock, Jr., dissents and votes to affirm in a separate opinion in which Judge Titone concurs; Judge Kaye taking no part.
Order reversed, etc.

. I agree with the view expressed by the concurrer that our precedents, at least as he and the plurality read them, result in a "peculiar procedural immobilization of and inequity to this petitioner”. Indeed, it is just this unfair, arbitrary, and unequal result of applying what the concurrer and the plurality accept as the New York rule which gives rise to petitioner’s claim that there is a due process violation (see, infra, point III).

. Petitioner has raised a claim that respondent acted in contravention of the Merit and Fitness Clause. His petition states "respondents acted * ** * contrary to the State constitutional mandate that promotions in the civil service of the city shall be made on the basis of merit and fitness, New York State Constitution, Art. 5, Section 6.”

. Matter of Tanzosh v New York City Civ. Serv. Commn. (44 NY2d 906) is not to the contrary. In that case, petitioner failed to demonstrate the existence of any error prior to the expiration of the eligible list. Thus, he was not entitled to rely on the self-executing right to extend an existing list. Rather, he required the revival of an expired list. It is unnecessary here to *540 decide whether due process would require that an applicant in such circumstances is entitled to relief. We note that no due process claim was raised in Tanzosh.

. In Matter of Cassidy v Municipal Civ. Serv. Commn. we stated that "Petitioner does not possess any mandated right to appointment or any other legally protectible interest. He can assert at most the right to consideration for and a 'hope’ of appointment” (37 NY2d 526, 529). The plurality underscores the phrase "or any other legally protectible interest” apparently to demonstrate that we held there is no right to be considered for appointment. In Cassidy the plaintiff, however, had been considered. His only claim was to appointment. Thus, we could not and did not hold that there is no property right to consideration.

. This case is even more compelling than Logan. In Logan, the time ran before it could be determined whether there was a meritorious claim. Here, it was already decided that petitioner was wronged when the list expired. The majority uses this time limit to deny relief to a proven wrong.