■ SAMUEL MINDEL, Respondent-Appellant, v VILLAGE OF THOMASTON, Appellant-Respondent.—In an action for a judgment declaring invalid certain provisions of Village of Thomaston Code chapter 148, (1) the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court,

Nassau County (O'Shaughnessy, J.), entered June 6, 1988, as denied that branch of its motion which was for partial summary judgment on the second cause of action, and (2) the plaintiff cross-appeals from so much of the same order and judgment, as granted that branch of the defendant's motion which was for partial summary judgment dismissing on the first cause of action.

Ordered that the order and judgment is modified, on the law, by deleting the second and third decretal paragraphs thereof and so much of the first decretal paragraph as dismissed the first cause of action, and substituting therefor provisions granting that branch of the motion which was for partial summary judgment on the second cause of action and declaring that the challenged provisions of Village of Thomaston Code chapter 148 are valid; as so modified, the order and judgment is affirmed, with costs to the defendant.

The Village of Thomaston Code § 148-2 provides for the division of the village into eight classes of districts for zoning purposes. The property owned by the plaintiff at 655 Northern Boulevard is contained within the district designated "Office Building O.B. District". Notwithstanding that "hotel" is a defined term in the Village of Thomaston Code (hereinafter the Code), it does not constitute a "permitted use" in any of the zoning districts in the village pursuant to a 1972 amendment.

The plaintiff's application for a building permit to erect and operate a hotel on his property was denied by the village on November 1, 1984. The plaintiff's subsequent application to the Board of Trustees of the Village of Thomaston requesting relief from the provisions of the Code was denied in a letter from the Mayor dated April 3, 1986. Based on the foregoing, the first cause of action alleges that the Code is "unconstitutional, illegal, invalid, discriminatory, confiscatory, and unreasonable in that it does not provide for the rational regulation of hotel operation within the Village, but, instead, prohibits and excludes any such operation *in toto*".

We note at the outset that this court's previous holding that this cause of action states a claim upon which relief may be granted *(Mindel v Gross,* 132 AD2d 535) does not bar granting partial summary judgment in favor of the defendant *(Fink v Horn Constr. Co.,* 58 AD2d 574). The prior holding merely established the legal sufficiency of the first cause of action. It did not establish the law of the case for purposes of partial summary judgment *(see, M. Dietrich, Inc. v Bentwood Tel. Corp.,* 56 AD2d 753, 754).

As noted by the Supreme Court, the goal of the amended zoning Code was to provide for future needs for office space, and to promote an office park environment within the territorial limitations of the district. The impact on adjacent residential districts was to be minimized by providing uses that would not generate traffic in the evenings or weekends. Inasmuch as there is a reasonable relationship between the end sought to be achieved by the regulation and the means adopted to achieve that end, the enactment of the amended Code constitutes a valid exercise of the village's police power compatible with due process and a legitimate zoning purpose *(see, Mc-Minn v Town of Oyster Bay,* 66 NY2d 544, 549; *cf., Baer v Town of Brookhaven,* 73 NY2d 942). Stated succinctly, there is evident in the Code's provisions the element of planning that is "both rational and consistent with the basic land use policies of the community" *(McBride v Town of Forestburgh,* 54 AD2d 396, 398; *accord, Taylor v Incorporated Vil. of Head of Harbor,* 104 AD2d 642, 644). Accordingly, the village was clearly entitled to partial summary judgment on the first cause of action of the complaint.

The plaintiff's second cause of action alleges that the Code, as amended and applied to the plaintiff's property, is unconstitutional and confiscatory in that it "unreasonably restricts plaintiff's property to a use to which it is not adapted, thereby destroying the greater part of its value and imposing an unnecessary and unreasonable hardship upon plaintiff". As a threshold issue, we note that inasmuch as the complaint attacked the zoning Code both as unconstitutional per se and as applied to the plaintiff, the plaintiff was not required to first exhaust his administrative remedies *(see, McClure v Board of Trustees,* 121 AD2d 699, 701). On the merits, the plaintiff conceded at an examination before trial that he had neither conducted any research nor inquired into the feasibility of constructing one of the other permitted uses on the subject premises. In light of the undisputed evidence that the plaintiff never examined the possibilities of developing the property in conformity with the permitted uses and in the absence of demonstrated physical characteristics inherent in the property which would render development in conformity with the permitted uses unduly onerous or so costly as to deny a reasonable rate of return, the Supreme Court erred in denying the village partial summary judgment with respect to the second cause of action.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a decla-

ration in favor of the Village of Thomaston *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).* Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.