CHILDREN'S VILLAGE, Respondent, v CHARLES HOLBROOK et al., Constituting the Town Board of the Town of Clarkstown, Appellants.

Third Department, November 21, 1991

### APPEARANCES OF COUNSEL

*Murray N. Jacobson (Harold MacCartney, Jr.,* of counsel), for appellants.

*Donovan, Leisure, Newton & Irvine (Louis Lustenberger, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

Plaintiff is a not-for-profit authorized child care agency. In August 1989, plaintiff applied to defendants, as the Town Board of the Town of Clarkstown, Rockland County, for a special permit to operate a group home for up to 10 abused or neglected adolescent boys who are expected to remain in residence, attending local public schools, until graduation from high school. The application recited that the home was to be "supervised by either resident house parents (supplemented by non-resident relief staff and a night awake child care worker) or a non-resident staff of 5-6 child care specialists * * * In addition, a full time social worker will be responsible for the care of the boys."

The proposed group home was located in an R-22 zoning district, defined in section 106-6C of the Town Zoning Ordinance as a district "in the middle of the range of single-family residential districts". Under the ordinance, single-family detached residences are permitted as of right in an R-22 district (Town Zoning Ordinance § 106-10A). The term "family" is defined in pertinent part as "[a]ny number of individuals related by blood, marriage or adoption [or not more than five (5) individuals who are not so related], living together as a single housekeeping unit" (Town Zoning Ordinance § 106-3). The ordinance further provides for, *inter alia,* agency group

homes within an R-22 district by special permit issued by the Town Board.

When defendants denied plaintiff's application for a special permit, plaintiff initiated a proceeding under CPLR article 78 to annul the determination. After reviewing the submissions supporting and opposing the petition, Supreme Court concluded that the proposed group home was sufficiently family-like in structure and purpose such that it could not be excluded from the class of single-family residences allowed as of right under the ordinance without violating the Due Process Clause of the State Constitution (NY Const, art I, § 6). Accordingly, the court granted plaintiff relief by converting the proceeding to an action for a declaratory judgment and declaring that plaintiff's proposed group home constituted a family for purposes of the Town Zoning Ordinance and that it was authorized without a special use permit. This appeal followed.

On appeal, defendants concede that a group home for children resembling a traditional family in every sense except for the absence of a biological or legal relationship among the occupants cannot validly be excluded from a single-family residence zoning district under the State Constitution (see, Group House v Board of Zoning & Appeals, 45 NY2d 266; City of White Plains v Ferraioli, 34 NY2d 300). They contend, however, that the group home proposed here, in which supervision of the children may be accomplished not by house parents but by a rotating professional staff of child care specialists directed by a full-time social worker, so far deviates from the functional equivalent of a biologically unitary family as to permit a different, stricter zoning regulation. Defendants' position is arguably supported by Crane Neck Assn. v New York City/Long Is. County Servs. Group (61 NY2d 154, cert denied 469 US 804). We conclude, however, that the dispute between the parties may be resolved and their respective rights declared without reaching the issue of whether the organization and structure of plaintiff's group home represent the functional equivalent of a biological family.

In our view, the definition of family set forth in the Town Zoning Ordinance is facially invalid under the State Due Process Clause (NY Const, art I, § 6) insofar as it restricts the size of a functionally equivalent family to five individuals not "related by blood, marriage or adoption" (Town Zoning Ordinance § 106-3), while not similarly restricting the size of a

traditional family comprised of persons so related *(see, Baer v Town of Brookhaven,* 73 NY2d 942, 943 [invalidating a zoning ordinance definition limiting the size of a functionally equivalent family to *four* unrelated persons]). Moreover, we find this case indistinguishable from *Baer v Town of Brookhaven (supra)* and *McMinn v Town of Oyster Bay* (66 NY2d 544) regarding the standing of plaintiff to raise the invalidity of the definition of family in the Town Zoning Ordinance, irrespective of whether the organization of its proposed group home constitutes a functionally equivalent family *(see, McMinn v Town of Oyster Bay, supra,* at 552-553 [Kaye, J., concurring]).

We likewise reject defendants' alternative contention that the ordinance's provision requiring agency group homes to obtain a special permit for occupancy in a single-family residential zoning district is severable from and may be validly enforced despite the invalidity of the ordinance's definition of family. Indisputably, a family-like agency group home may not constitutionally be made the subject of special zoning regulations *(see, Group House v Board of Zoning & Appeals, supra; City of White Plains v Ferraioli, supra).* The provision of the Town Zoning Ordinance requiring agency group homes to obtain a special permit does not differentiate between functional family equivalent group homes and institutional group homes. Thus, without a constitutionally valid definition of family in the Zoning Ordinance, its specific regulation of group homes is also objectionable in that it may be applied to "exclude [from the class of occupancies not requiring a special permit] * * * households that due process requires be included" *(McMinn v Town of Oyster Bay, supra,* at 550). Accordingly, the unconstitutional feature of the Town Zoning Ordinance cannot be eliminated without requiring the rewriting of the ordinance *(see, supra,* at 553).

CASEY, J. P., MIKOLL, YESAWICH, JR., and CREW III, JJ., concur.

Ordered that the judgment is modified, on the law, with costs to plaintiff, by deleting therefrom the declaration that plaintiff's proposed group home constitutes a family for the purposes of the Town of Clarkstown Zoning Ordinance; it is declared that the definition of the term "family" in Town of Clarkstown Zoning Ordinance § 106-3 is unconstitutional on its face; and, as so modified, affirmed.