■ STRINGFELLOW'S OF NEW YORK, LTD., Appellant, v CITY OF NEW YORK et al., Respondents, and TIMES SQUARE BUSINESS IMPROVEMENT DISTRICT et al., Intervenors-Respondents. AMSTERDAM VIDEO, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents, and TIMES SQUARE BUSINESS IMPROVEMENT DISTRICT et al., Intervenors-Respondents. RACHEL HICKERSON et al., Appellants, v CITY OF NEW YORK et al., Respondents,

and TIMES SQUARE BUSINESS IMPROVEMENT DISTRICT et al., Intervenors-Respondents. [663 NYS2d 812] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered October 23, 1996, *inter alia*, declaring that Text Amendment N 950384 ZRY to the New York City Zoning Resolution does not violate plaintiffs' right to freedom of expression under the State Constitution, unanimously affirmed, without costs.

The primary purpose of the challenged zoning amendment is to protect residential neighborhoods, as well as the facilities and commercial areas that serve them, from the purportedly negative effect attributable to the presence of an "adult establishment", i.e., a business that "regularly features" or devotes a "substantial portion" of its trade to entertainment or material that is "characterized by an emphasis on" "specified anatomical areas" or "specified sexual activities". While a place of adult entertainment is, as a form of free expression, entitled to special protection, it "cannot claim an exemption from statutes of general operation aimed at preventing nuisances or hazards to the public health and safety", and "not every government regulation of general application, having some impact on free expression, implicates constitutional guarantees" (*People ex rel. Arcara v Cloud Books*, 68 NY2d 553, 558-559). "A municipality may in the reasonable exercise of its police powers change its zoning to control land use and development" (*Matter of Khan v Zoning Bd. of Appeals*, 87 NY2d 344, 350), provided it does so in furtherance of a legitimate governmental purpose and there is a " 'reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end' " (*McMinn v Town of Oyster Bay*, 66 NY2d 544, 549, quoting *French Investing Co. v City of New York*, 39 NY2d 587, 596). An ordinance such as the one in issue meets that test (*Matter of Town of Islip v Caviglia*, 73 NY2d 544, citing, *inter alia*, *Renton v Playtime Theatres*, 475 US 41).

We have considered plaintiffs' various arguments, including their attempts to distinguish *Town of Islip* (*supra*), and find them to be without merit.

Motion seeking leave to change the name of intervenor-defendant-respondent American Alliance for Rights & Responsibilities to "Center for the Community Interest" granted. Concur—Sullivan, J. P., Wallach, Rubin, Tom and Andrias, JJ.