OPINION OF THE COURT
David W. Fryer, J.
On September 28, 1998, the defendant, Richard L. Geel, Sr., was charged with a violation of the Noise Pollution Control Law of the Town of Sand Lake (Code of Town of Sand Lake § 170-2 [E], added by Local Laws, 1978, No. 1) by an information and supporting deposition issued by Rensselaer County Deputy Sheriff Bruce B. Smith. The defendant was issued an appearance ticket pursuant to CPL 150.10 and requested to appear in the Sand Lake Town Court on October 19, 1998.
On January 26, 1999, the defendant, by way of attorney Jack R. Lebowitz, of Lemery and Reid, P. C., with leave of this court, filed a motion to dismiss pursuant to CPL 170.30 (1) (f); 170.35 (1) (c) and 210.45. Affidavits and acknowledgements of service were filed indicating service of the motion papers on Rensselaer County Deputy Sheriff Bruce B. Smith on January 22, *273 1999. To date, no papers in opposition have been filed and none have presumably been served.
In summary, defendant alleges that the Town Ordinance, as written, is unconstitutional because it is otherwise vague and therefore violates the defendant’s due process rights pursuant to the Federal and State Constitutions. The defendant, in his memorandum of law, relies primarily on People v New York Trap Rock Corp. (57 NY2d 371 [1982]) in support of his position. In People v New York Trap Rock Corp., the New York Court of Appeals held that a noise ordinance adopted by the Town of Poughkeepsie was unconstitutional due in part because the ordinance was without objective standards to gauge a possible violation and therefore could be the subject of inconsistent and possibly discretionary enforcement.
The comparison of both the Sand Lake and Poughkeepsie noise ordinances reveals that in each case the triggering mechanisms involve the “disturbance” or “annoyance” of another party or entity. In the Poughkeepsie ordinance the defining language is an “unnecessary noise” which annoys or disturbs, while in the Sand Lake statute the offending actions are “loud or raucous” noises “likely” to annoy or disturb. Clearly the case can be made that the Poughkeepsie ordinance raises more vagueness issues given the term “unnecessary” as compared to what is “loud or raucous”. I point out further that the town ordinances, when compared, appear to require that a victim be in fact annoyed or disturbed if in the Town of Poughkeepsie, while in Sand Lake the conduct need only be “likely” to annoy or disturb to be prosecuted, presuming at least some objective standard.
While I am not convinced that a reasonable person is not capable of determining whether a noise is loud or raucous and likely to annoy or disturb another, particularly during late evening and early morning hours, given the obvious similarities of the ordinances in this case and that of the New York Trap Rock case (supra), I will not substitute my opinion for that of the Court of Appeals. Based on the analysis of Judge Fuchsberg, regardless of whether the noise is deemed “raucous” or “unnecessary”, there is not enough of an objective standard to allow another to determine whether the noise is unlawful, without more. It would appear that a measuring standard, by scientific means, needs to be set.
I do, however, respectfully take issue with Judge Fuchsberg and disagree with the defendant with regard to the premise that every ordinance employing “annoyance” as a standard is *274 inherently vague and lends itself to abuse. At present, Penal Law § 240.20 (disorderly conduct) and § 240.25 (harassment) both reference “annoyance” as an applicable standard. Using the New York Trap Rock analysis, both of these statutes would appear to include unconstitutional provisions. Common sense would dictate that when it comes to noise as an offense against “the People”, physical harm or other damage is unlikely. An ordinance involving some form of disturbance or annoyance may be the only way to define offensive noise as illegal conduct, notwithstanding the need for some scientific measurement.
It is the decision of this court, based on all of the foregoing, that the Noise Pollution Control Law of the Town of Sand Lake (Code of Town of Sand Lake) § 170-2 (E) is unconstitutional based on both the Federal and New York State Constitutions. The defendant’s motion to dismiss is granted.