OPINION OF THE COURT
Thomas J. DiSalvo, J.
History of the Case
The defendant was charged with a violation of section 225-46 of the Webster Town Code, which states as follows: “No boat, house trailer, camp trailer or mobile home of any kind shall be stored in any front yard in any residential district.” The defendant was served with an appearance ticket and a supporting deposition. It was alleged that on October 23, 2007 at 11:00 a.m., the defendant did park a boat and trailer in the front yard of *788 his residence located at 1610 Loughrea Terrace in the Town of Webster.* The matter was returnable in Webster Justice Court on July 8, 2008 at 8:30 a.m. Subsequently it was set down for trial on September 12, 2008.
At trial the People presented two witnesses. The first witness was Code Enforcement Officer George Winter. The second witness was Edward Wilkonski, a neighbor of the defendant. Both witnesses testified to seeing a boat and trailer parked on the defendant’s driveway in the front of defendant’s premises. The defendant presented one witness, i.e., James R. White, a neighbor residing at 1607 Loughrea Terrace. The defendant’s defense centered on the meaning of the word “stored” as set out in the Webster Town Code. Specifically, the defendant maintained that, since said word was not defined in the Webster Town Code, the entire section was unenforceable due to vagueness.
Issue Presented
Is section 225-46 of the Webster Town Code unconstitutional due to vagueness?
Legal Analysis
The defendant does not deny that his boat and trailer were parked in his front yard on his driveway from time to time. However, he maintains that parking the said boat and trailer on his driveway on various dates for varying intervals of time when they are not in use is not the same as storing them on his property. He argues that the word “stored” would imply a long-term placement of the trailer and boat. Certainly, the code section in question would not seem to prohibit the temporary parking of a boat and trailer. This then begs the question as to when the temporary parking of a boat and trailer on one’s property turns into the act of storing said property in violation of the ordinance? The Webster Town Code does not define the word “stored” as same applies to the placement of boats or trailers in the front yard of any town residence. Nor does it put any time limits on the parking of a boat and trailer in one’s front yard. It is unlikely that the code enforcement officer would issue a ticket to a homeowner, if such an individual only parked a boat and trailer overnight in the front yard, where for example, the boat *789 was being moved from Irondequoit Bay to Sodus Bay the next morning. There is no doubt that even if the code enforcement officer felt legally justified in issuing an appearance ticket in that short-term situation, he would not do so. This would imply that the practical intent of Webster Town Code § 225-46 is more relevant to a long-term rather than a short-term placement. To hold that said section applies to even short-term placements of such prohibited items would invite allegations of selective enforcement. One need only drive around on any given day to observe boats and trailers parked in driveways throughout the Town. The court would be legislating from the bench, if it arbitrarily established a time period that constituted storage. This court will not act in such a legislative manner.
First of all it is well settled that “[z]oning ordinances, like other legislative enactments, are presumed constitutional and the burden is on the party challenging the ordinance to prove its unconstitutionality beyond a reasonable doubt.” (McMinn v Town of Oyster Bay, 66 NY2d 544, 548 [1985].) However, in order for a town code section to survive a void for vagueness constitutional challenge, the ordinance must be “ ‘informative on its face.’ ” (People v New York Trap Rock Corp., 57 NY2d 371, 378 [1982].) In other words the ordinance must clearly and unequivocally put the defendant on notice of the proscribed activity. “As common sense and experience both tell us, unless by its terms a law is clear and positive, it leaves virtually unfettered discretion in the hands of law enforcement officials (People v Illardo, [48 NY2d at] 413-414).” (People v New York Trap Rock Corp. at 378-379.) There must be an objective standard by which an enforcement officer can make a determination that an individual is in violation of a particular ordinance. On the other hand, a citizen must be in a position to reasonably determine exactly what activity is prohibited. Without those conditions in place, enforcement of such an ordinance would violate a defendant’s right to substantive due process, which is guaranteed by section 1 of the Fourteenth Amendment to the United States Constitution and article I (§ 6) of the New York Constitution. (See People v Geel, 180 Misc 2d 272 [Sand Lake Just Ct, Rensselaer County 1999, Fryer J.].)
In the instant case, the key issue relative to Webster Town Code § 225-46 is the meaning of the word “stored.” The local law provides no guidance as to the meaning of said word. It is interesting to note that the case was commenced because of the complaints of the defendant’s neighbors. It was not simply the *790 result of an observation by the code enforcement officer. However, the testimony of one of the other neighbors supported the concept that the defendant had not “stored” his boat in the front yard of his premises, despite his observation of the offending boat and trailer being parked in the defendant’s driveway at various times. It would appear that reasonable persons can disagree as to what constitutes storage.
Conclusion
The defendant has established beyond a reasonable doubt that Webster Town Code § 225-46 is unconstitutionally vague, because it fails to establish an objective standard as to what would constitute storage. It thus violates the due process provisions of both section 1 of the Fourteenth Amendment to the United States Constitution and article I (§ 6) of the New York Constitution. Therefore the charge herein against the defendant is hereby dismissed.

 The supporting deposition indicates that the said boat and trailer were seen on other dates and times, i.e., September 4, 2002, October 22, 2007 and June 3, 2008.