Rockwell D. Colanbri, J.
The defendants purchased a home at 46 Pearl Avenue, Holtsville, Town of Brookhaven, Suffolk County, New York on September 28,1970. They purchased this home for investment purposes. The home is located in a “ C ” residential zoning district, and only a one-family house is permitted in said zone.
At the closing of title, it was represented to the defendants that the house was a three-family house which use pre-existed the enactment of the said zoning ordinance. There was testimony during the course of this trial that Mr. Denham improved the home, which was in a run down condition when he pur *817 chased the house, and renovated it for occupancy by two families. Mr. Denham also made application to the Brookhaven Town Board of Zoning Appeals during the month of April, 1971 for a certificate of occupancy. His application was denied.
Thereafter the defendants made an application to the Building Department of the Town of Brookhaven for a certificate of existing use. The application was made to the Building Department in letter form and attached to the letter were two statements of two people who purportedly knew that the premises was a two-family house which pre-existed the ordinance. The Chief Building Inspector duly issued a certificate of existing use to the defendants on June 12, 1972 (Certificate No. 2130) which was received in evidence as defendant’s Exhibit A. The defendants then proceeded to rent the house out as a two-family house.
Thereafter, and on October 24,1972 the property was inspected by Deputy Building Inspector Michael P. Palazzotto and a violation was noted. On November 8, 1972 the defendant, Albert Denham, was served with a summons for a violation of paragraph A of section 85-38 of chapter 85 of the Brookhaven Town Ordinances, which is the violation of maintaining a two-family home in a one-family residential zone. The date of the alleged violation was cited as October 24, 1972. Up to this point the defendants possessed a valid certificate of existing use, which had not been revoked.
On November 16,1972, probably as an afterthought, the Chief Building Inspector wrote a letter to the defendants revoking the certificate of existing use. The only evidence of this so-called u revocation ” that was elicited during the course of this trial was the testimony of Deputy Building Inspector who testified from records in his file that a letter was sent to Mr. Denham on November 16,1972 revoking the certificate of existing use on the grounds that1 ‘ improper papers were filed, ’ ’ and nothing more. Nowhere in the record of this trial, and nowhere in the records of the Building Department, as far as the court is concerned, are there specifications as to the grounds of the revocation.
The People have failed completely to prove the defendants’ guilt beyond a reasonable doubt. In fact, the defendants’ certificate of existing use is an absolute and complete defense.
A certificate of existing use establishes a property right which cannot be arbitrarily destroyed by the Chief Building Inspector. It would seem to this court that should the Chief Building Inspector come upon some impropriety in the issuance of a certificate of existing use, he .should conduct a hearing, or at *818 least give a holder of such a certificate an opportunity to be heard on the merits.
The facts of this case are bizarre. The defendants have a valid certificate of existing usethey are then charged with a violation occurring on October 24,1972 when the certificate of existing use is valid and in existence; they are then served with a summons on November 8, 1972; and then the certificate is illegally revoked on November 16, 1972. This smacks of an ex post facto situation. The defendants are charged with the comtuission of a violation of law, when their acts were absolutely within the law.
After trial the defendants are found not guilty and the information is dismissed.