■ INTERLAKEN HOMEOWNERS' ASSOCIATION et al., Appellants, et al., Plaintiff, v CITY OF SARATOGA SPRINGS et al., Respondents, et al., Defendants. [700 NYS2d 293] —Cardona, P. J. Appeal from an amended order of the Supreme Court (Caruso, J.), entered November 18, 1998 in Saratoga County, which denied a motion by certain plaintiffs for partial summary judgment.

In 1982, defendant City of Saratoga Springs amended its zoning ordinance for the purpose of reclassifying certain real property, approximately 215 acres, as a planned unit development (hereinafter PUD). The PUD, known as Interlaken, was divided into seven zones, residential zones A through E and commercial zones AA and BB, each having a particular development objective. Zone BB was to be used for the construction of a 110-room hotel-conference center, 150-seat restaurant and 170-car parking lot. As a condition of approval, the City required that a private water system be established to service the entire PUD. In September 1984, Interlaken Water Works,

Inc. (hereinafter IWW) was formed with the City's consent to satisfy that requirement.

Thereafter, IWW obtained the necessary permits from the Department of Environmental Conservation authorizing it to be the exclusive supplier of water to the entire PUD. In actuality, IWW supplied water to phase I of the PUD, which only included zone A. In December 1994, IWW ceased supplying water and abandoned the private water facilities, apparently due to the fact that operation of the system was unprofitable given the limited number of users. At that time, plaintiff Interlaken Homeowners' Association, whose members own homes within zone A, approached the City requesting that it take over and operate the private water system or, alternatively, connect the private water system to the City's water system. The City declined. In November 1995, defendant Saratoga County Water Authority (hereinafter SCWA) acquired the assets of IWW as well as the exclusive right to supply water to the PUD under the former permits and began supplying water.

As the result of a foreclosure action commenced against parties having an interest in the PUD, the property was divided and various parcels were sold. On December 21, 1995, defendants John T. Roohan, J. Thomas Roohan and John S. Witt (hereinafter collectively referred to as RR&W) acquired the property comprising commercial zone BB. Thereafter, RR&W made application to the City Planning Board for amendment of the zoning ordinance to permit zone BB to be used, as an alternative to the approved use, as a 150-unit senior housing complex and also to provide that zone BB be serviced by City water. In May 1996, the Planning Board approved the amendment and specifically indicated that zone BB would be serviced by City water "unless there is a judicial order stating otherwise".*

In response to the City's passage of the zoning amendment but alleged failure to provide City water to zone A, this declaratory judgment action was commenced by Interlaken Homeowners' Association and certain individuals and entities owning property within zone A. Following motions by various defendants, Supreme Court dismissed the sixth through twelfth causes of action alleged in the complaint. Thereafter, plaintiffs William May and Robert Bullock, owners of property within zone A, and the Interlaken Homeowners' Association (hereinafter collectively referred to as plaintiffs), made a motion for partial summary judgment on the remaining five

---

* At the time of the amendment, there was a separate action pending between the City and SCWA over the right to supply water to the PUD.

causes of action. Specifically, the first four causes of action alleged that the 1996 zoning amendment (1) constitutes illegal spot zoning, (2) is arbitrary and capricious, (3) violates the Equal Protection Clauses of the Federal and State Constitutions, and (4) violates the Due Process Clauses of the Federal and State Constitutions. The fifth cause of action alleged that the notice of public meeting concerning the amendment was ambiguous and did not comply with the requirements of General City Law § 83. Finding the existence of material issues of fact as to each cause of action, Supreme Court denied the motion resulting in this appeal.

We affirm. The gravamen of plaintiffs' claims regarding the legality of the zoning amendment turns upon the City's alleged refusal to provide zone A with City water while agreeing to supply it to zone BB. Plaintiffs initially argue that passage of the zoning amendment constitutes illegal spot zoning inasmuch as it inured to the exclusive benefit of RR&W and was not part of a well-considered and comprehensive plan. Plaintiffs correctly note that spot zoning occurs when a zoning amendment "was accomplished for the benefit of individual owners rather than pursuant to a comprehensive plan for the general welfare of the community" (*Rodgers v Village of Tarrytown*, 302 NY 115, 124). In opposition to plaintiffs' motion, the City submitted affidavits from both Joseph O'Neill, its Director of Public Works, and Thomas McTygue, its Commissioner of Public Works, pointing to numerous inadequacies in the private water system which raise questions concerning its ability to reliably supply water to other zones of the PUD, including zone BB. Inasmuch as these affidavits negate the inference that the amendment was passed solely for the personal benefit of RR&W, Supreme Court properly denied plaintiffs' motion as to the first cause of action alleging illegal spot zoning.

Plaintiffs also argue that the passage of the zoning amendment was arbitrary and capricious because it did not have a reasonable relationship to public safety, health or welfare. Once again, however, the O'Neill and McTygue affidavits, together with the other papers submitted by the City, contradict this conclusion and suggest that the provision of City water was for the purpose of promoting the orderly and successful development of zone BB for the benefit of future users. In view of this, Supreme Court properly denied plaintiffs' motion with respect to the second cause of action.

Plaintiffs further contend that the City's passage of the zoning amendment violates the Equal Protection and Due Process Clauses of the Federal and State Constitutions. We note that

zoning amendments enjoy a presumption of constitutional validity and the burden is upon the party challenging the amendment to demonstrate that it is unconstitutional beyond a reasonable doubt (*see, McMinn v Town of Oyster Bay*, 66 NY2d 544, 548; *Matter of Daniels v Van Voris*, 241 AD2d 796, 798). The relevant inquiry in evaluating whether the zoning amendment withstands scrutiny under the Equal Protection Clause is whether there is a rational relationship between the disparity of treatment of zone A and zone BB property owners and a legitimate governmental purpose (*see, D'Amico v Crosson*, 93 NY2d 29, 32; *Lovelace v Gross*, 80 NY2d 419, 427). Similarly, to pass muster under the Due Process Clause, the statutory provision must further a legitimate governmental purpose and a reasonable relation must exist between the end to be achieved and the means used to achieve that end (*see, McMinn v Town of Oyster Bay, supra*, at 549).

Here, plaintiffs base much of their equal protection and due process claims on the City's alleged failure to provide them with City water when IWW abandoned the private water facilities in December 1994. The O'Neill and McTygue affidavits indicate that the City never denied plaintiffs City water and, furthermore, that plaintiffs did not seek an independent connection to the City water system. Rather, they contend that plaintiffs requested the City to take over and operate the existing private water system or, alternatively, to incorporate the private water system into the City water system. It is undisputed that plaintiffs did not own the private water system assets or facilities at the time the request was made. Moreover, according to O'Neill and McTygue, the private water system suffered from numerous deficiencies, including insufficient water pressure and leakage in the storage reservoir, which were factors in the City's decision not to accede to plaintiffs' request. As noted previously, such deficiencies raised questions concerning the system's capacity to service other zones within the PUD, such as zone BB, as they were developed. Inasmuch as the foregoing presents factual issues concerning the rationality of the City's actions and whether its passage of the zoning amendment furthered a legitimate governmental purpose, Supreme Court properly denied summary judgment on the third and fourth causes of action.

Lastly, plaintiffs assert that the public notice concerning the proposed amendment to the zoning ordinance was misleading and failed to conform to the requirements of General City Law § 83 inasmuch as it did not specifically refer to the change of water supply to zone BB. In determining the sufficiency of a

public notice advising of changes to a zoning law, the test is "whether it fairly apprises the public of the fundamental character of the proposed zoning change" (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 678). The notice in the case at hand provided, in pertinent part, that: "The amendment would also establish for Zone BB regulations relating to boundaries, purpose, permitted uses and density, homeowners association, sketch plan, setbacks, infrastructure service and improvements, signs, roadway, phasing, construction standards, development process and amendments, expirations, validity, and effective date". The notice's reference to "infrastructure service and improvements" was broad enough to encompass the subject of a change in water supply to zone BB. In our view, whether it sufficiently apprised the public of such change is a factual matter not appropriate for resolution on a motion for summary judgment. We have considered plaintiffs' remaining contentions and find them to be without merit.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the amended order is affirmed, without costs.