■ MURRAY BRESKY, Appellant, v ACE INA HOLDINGS, INC., as Successor to CENTURY INDEMNITY COMPANY, as Successor to CCI INSURANCE COMPANY, as Successor to INSURANCE COMPANY OF NORTH AMERICA, Respondent. [731 NYS2d 791] —Cardona, P. J. Appeal from an order of the Supreme Court (Ledina, J.), entered October 24, 2000 in Sullivan County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

This declaratory judgment action arises out of plaintiff's request for defense and indemnity of a pollution claim under insurance policies issued by defendant's predecessors in interest. The record reveals that plaintiff was a principal of a corporation that processed chickens for sale from 1976 to 1983 on property located in the Town of Rockland, Sullivan County. In 1983, the business and property were sold to the Pines family who, in turn, sold to ConAgra, Inc. in 1993. A disagreement surrounding the latter sale resulted in a Federal court action in which ConAgra alleged that the property had suffered environmental pollution. In March 1999, plaintiff was individually named a third-party defendant in that action which alleged that, during the period plaintiff owned the property, hazardous substances "from on and off-site were disposed of at the * * * property." Following plaintiff's demand that defendant provide him with a defense, defendant disclaimed coverage stating that the claims were subject to the pollution exclusion clause in the policies.

Prior to joinder of issue in plaintiff's declaratory judgment action, defendant moved to dismiss the complaint for failure to state a cause of action. Plaintiff cross-moved for summary judgment arguing that, although it appeared that the allegations of disposal of off-site hazardous materials appeared to come within the exclusion, the allegations as to on-site disposal triggered the "sudden and accidental" exception to the policy exclusion. Supreme Court, electing to treat defendant's motion as one for summary judgment pursuant to CPLR 3211 (c),

granted summary judgment in favor of defendant and dismissed the complaint, resulting in this appeal.

Summary judgment was properly granted to defendant. There is no dispute that defendant satisfied its initial "burden of establishing that the underlying complaint alleges damages attributable to the discharge or release of a pollutant into the environment, thereby satisfying the basic requirement for application of the pollution coverage exclusion provision" (*Northville Indus. Corp. v National Union Fire Ins. Co.*, 89 NY2d 621, 634). The burden then shifted to plaintiff "to demonstrate a reasonable interpretation of the underlying complaint potentially bringing the claims within the sudden and accidental discharge exception to exclusion of pollution coverage, or to show that extrinsic evidence exists that the discharge was in fact sudden and accidental" (*id.*, at 634). Notably, the "term 'accidental' includes not only an unintended event but also one 'occurring *unexpectedly* or by chance' " (*id.*, at 632, quoting Webster's Ninth Collegiate Dictionary 49 [emphasis in original]). A sudden discharge of pollutant is one that occurs "*abruptly, precipitantly or brought about in a short time*" (*Northville Indus. Corp. v National Union Fire Ins. Co., supra,* at 632 [emphasis in original]).

Here, there is a complete absence of any allegation in the third-party complaint from which an accidental or "abrupt, environmentally significant discharge of pollutants could be inferred" (*id.*, at 635). The underlying complaint alleges that the off-site materials were deliberately disposed of by agreement or contract and it is alleged that both on-site and off-site hazardous substances were disposed of on the property over a long period of time. Significantly, plaintiff neither offers nor suggests the existence of extrinsic evidence that would establish that the alleged on-site pollution was sudden or accidental. Inasmuch as plaintiff has failed to meet his burden of proving that the alleged pollution would potentially fall within the exception to the pollution exclusion in the policy, no question of fact was raised which would render summary judgment inappropriate. We note, however, that since plaintiff sought a declaratory judgment in this action, the proper remedy should have been a declaration in favor of defendant rather than the dismissal of the complaint (*see, Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954).

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as dismissed the complaint; it is declared that defendant has no duty to defend or indemnify

plaintiff in the underlying third-party action; and, as so modified, affirmed.