JOSEPH SPILKA, III, Respondent, v TOWN OF INLET, Appellant. [778 NYS2d 222]—

Kane, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered July 11, 2003 in Hamilton County, which, inter alia, denied defendant's motion to dismiss the complaint.

Since 2001, plaintiff has owned a one-family dwelling in the Town of Inlet, Hamilton County. Under a 1966 zoning ordinance, the property is in an R-1 residence district. Plaintiff alleges that

---

the property is his primary residence, but he rents it out on a short-term basis for approximately three months per year. In 2002, defendant amended the zoning ordinance to require special use permits for rental of nonowner-occupied dwellings for periods of less than four months. Plaintiff commenced this action seeking a judgment declaring that the rental of his property was permitted under the 1966 ordinance and was, therefore, permitted under the amendment as a prior nonconforming use or, alternatively, that his property is an owner-occupied dwelling not subject to the amendment or, alternatively, that the amendment was arbitrary, discriminatory and illegal. In lieu of answering, defendant moved to dismiss the complaint for failure to state a cause of action, for a declaration that the amendment is valid, and for dismissal due to plaintiff's failure to exhaust administrative remedies. Plaintiff cross-moved for summary judgment. Supreme Court denied defendant's motion, and denied plaintiff's cross motion as premature. Defendant appeals.

Where no question of fact is raised but only a question of law or statutory interpretation is presented on a motion to dismiss a declaratory judgment action, the court may render a determination and declare the rights of the parties (*see Washington County Sewer Dist. No. 2 v White*, 177 AD2d 204, 206 [1992]; *see also Hopkinson v Redwing Constr. Co.*, 301 AD2d 837, 837-838 [2003]). This Court may convert a motion to dismiss to a motion for summary judgment (*see* CPLR 3211 [c]), and the notice of such conversion is excepted where only questions of law are raised, they have been fully briefed by the parties and such treatment is requested by one party (*see Historic Albany Found. v Breslin*, 282 AD2d 981, 983-984 [2001], *lv dismissed* 97 NY2d 636 [2001]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]). If defendant prevails on any point, the proper determination would be a declaration in its favor rather than dismissal of the complaint (*see Bresky v Ace INA Holdings*, 287 AD2d 912, 913 [2001]).

Our first question, whether the 1966 ordinance permitted short-term rental of a one-family dwelling in an R-1 district, is a question of statutory interpretation. Zoning codes must be strictly construed against the enacting municipality and any ambiguities must be resolved in favor of the property owner (*see Matter of Sposato v Zoning Bd. of Appeals of Vil. of Pelham*, 287 AD2d 639, 639 [2001]). The list of permitted uses in an R-1 district include "[o]ne family dwelling or camp." While the less-restrictive permitted uses in defendant's resort residential district include rooming houses, and the definition of that term

includes tourist homes, there is no definition of tourist homes, so it is unclear if plaintiff's property would fit into that category (*cf. Matter of Androme Leather Corp. v City of Gloversville*, 1 AD3d 654, 656 [2003], *lv denied* 1 NY3d 507 [2004]). Plaintiff's house fits squarely within the definition of a one-family dwelling. There is no indication whether such dwelling may be rented, let alone any restrictions on time periods for rentals. Construing the 1966 ordinance against defendant, plaintiff is entitled to a declaration that rental of his one-family dwelling for any time period was permitted under the original ordinance.

While short-term renting was not prohibited under the 1966 ordinance, it was clearly restricted in the amendment. Plaintiff contends that he is entitled to continue such renting, in a manner similar to his practice prior to the 2002 enactment of the amendment, as a nonconforming use. Nonconforming uses, in existence when a zoning ordinance is enacted, are generally permitted to continue despite the contrary ordinance if the preexisting use was legal when established (*see Matter of Keller v Haller*, 226 AD2d 639, 640 [1996]). Accepting as true plaintiff's allegation that he previously rented his house on a short-term basis, defendant's motion to dismiss must be denied and Supreme Court must determine the factual issue regarding whether plaintiff established a nonconforming use.

We now address plaintiff's remaining arguments. Defendant is entitled to a declaration that plaintiff's home is not owner occupied. The amendment only applies to nonowner-occupied rental dwellings. In the amendment's permit requirement section, it is deemed a violation of the ordinance "for any person or entity who owns a building or structure in the R1 Residence District, but is not occupying that building or structure" to rent it for a period of less than four months without a special use permit. As the amendment does not define the term "owner occupied," the term must be given its ordinary meaning (*see Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 619 [1998], *lv denied* 93 NY2d 803 [1999]). Considering the context of the amendment and the term's ordinary meaning, "owner occupied" means that the owner occupies a portion of the property and rents another portion, not, as plaintiff claims, that the owner resides there most of the time and rents it when he is absent. The opposite of an owner-occupied rental property would be a rental property with an absentee owner. Thus, defendant is entitled to a declaration that plaintiff's property is not owner occupied.

Finally, the amendment is not arbitrary, capricious or illegal. Zoning ordinances are presumed valid and the challenger bears

the burden of proving invalidity (*see McMinn v Town of Oyster Bay*, 66 NY2d 544, 549 [1985]). The test is whether the ordinance was enacted in furtherance of a legitimate governmental purpose and is reasonably related to the end sought to be achieved (*see id.* at 549; *Interlaken Homeowners' Assn. v City of Saratoga Springs*, 267 AD2d 842, 844-845 [1999]). The amendment identified many legitimate governmental purposes for its enactment, including preserving aesthetic integrity in residential neighborhoods, encouraging residential property maintenance, prevention of neighborhood blight, protecting residential property values, permitting efficient use of defendant's dwellings to provide economic support to residents, and enhancing the quality of life in residential neighborhoods. Placing restrictions on absentee landlords is reasonably related to achieving these goals and does not improperly distinguish between homeowners who occupy their premises and those who do not (*see Kasper v Town of Brookhaven*, 142 AD2d 213, 218 [1988]). Thus, defendant was entitled to a declaration that the amendment was valid.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion and plaintiff's cross motion; plaintiff's cross motion granted to the extent of declaring that the 1966 ordinance permitted rental of one-family dwellings and defendant's motion granted to the extent of declaring that plaintiff's house is not owner-occupied within the meaning of the ordinance and the 2002 amendment to the ordinance is valid; and, as so modified, affirmed.