OPINION OF THE COURT
Robert G. Bogle, J.
Motion to dismiss the summons and informations by the defendant Braun Brothers Brushes Inc., under CPL 170.30 (1) (f), is determined as hereinafter provided.
The defendant, Braun Brothers Brushes, is charged with two violations of the Village Code of the Incorporated Village of Valley Stream: (1) no certificate of occupancy for business on the premises of 35 Fourth Street, Valley Stream, New York, under section 99-3211 of the Village Code, and (2) no permit to run a business from the premises on 35 Fourth Street, a violation of section 99-3206 of the Village Code. The defendant now moves to dismiss on two separate grounds: (1) that the service of process was improper under CPL 150.40 (2) (a new section of the state law), and (2) that the current use of the premises is a nonconforming use established before the relevant zoning code was placed in effect.
I. Constitutionality of CPL 150.40 (2)
Section 150.40 (2) of the Criminal Procedure Law reads as follows:
“An appearance ticket, other than one issued for a traffic infraction relating to parking, must be served personally, except that an appearance ticket issued for the violation of a local zoning ordinance or local zoning law, or of a building or sanitation code may be served in any manner authorized for service under section three hundred eight of the civil practice law and rules.”
Originally, except for parking, all service of process of appearance tickets had to be done personally. The exception occurred *1032 with the passage of chapter 415 of the Laws of 2004 (as amended by L 2005, ch 642) that expanded the use of service of process on certain exceptions to local ordinances. According to the Senate Memorandum in Support, this law allows the appearance ticket to be served either personally or by “substituted service” as presently provided under section 308 of the Civil Practice Law and Rules. This procedure “would make it easier and less time consuming to serve the individuals with an appearance ticket for a violation of [a] local zoning ordinance.” (See Senate Mem in Support, 2004 McKinney’s Session Laws of NY, at 1907.)
The court notes that a violation of local laws, such as in the case at bar, is governed under the CPL (People v Hacker, 76 Misc 2d 610 [Suffolk Dist Ct 1973]).
There is no question that violations of local zoning, building or sanitation codes are key to the quality of life in any municipal community. Effective service of process will bring those individuals to court at the appropriate time to resolve these issues of local concern. This law was enacted because of certain situations where service could not have been effectively made and, therefore, the individuals were not properly notified, if at all, of the cases that were pending before a local court. This delay of justice results in a lengthy period of time where violations remained uncorrected and may result in further charges.
In the case at bar, defendant moves to dismiss the action based upon the alleged unconstitutionality under the Federal and New York State Constitutions of CPL 150.40 (2). It has been long established as a matter of law that a presumption exists as to the constitutionality of validly enacted statutes. (People v Stuart, 100 NY2d 412 [2003]; People v Murphy, 70 NY2d 969 [1988].) The burden of proof is heavy on the moving party to put forth beyond a reasonable doubt that the statute is unconstitutional. (People v Foley, 94 NY2d 668 [2000]; Hoffman Estates v Flipside, Hoffman Estates, Inc., 455 US 489 [1982].)
The service of process requested here is a form of substituted service under CPLR 308. Under this section of the Civil Practice Law and Rules, delivery can be made personally as is the case under the Criminal Procedure Law or it can be made under several other options including such traditional means as serving a person of suitable age and discretion at the place of business or home as well as a subsequent mailing. Under these situations, service is usually effective but it does not necessarily conform with the original enactment under the Criminal Procedure Law *1033 which consists of personal delivery, except for parking tickets under the original CPL 150.40 (2). In Hess v Pawloski (274 US 352 [1927]), the United States Supreme Court recognized for the first time that service in a civil action by registered mail, in place of personal service, may satisfy the requirements of due process. Since then, both federal and New York State courts have expanded the concept of acceptable service in accordance with due process principles. (Shaffer v Heitner, 433 US 186 [1977]; Matter of McCann v Scaduto, 71 NY2d 164 [1987]; Matter of Ballard v HSBC Bank USA, 6 NY3d 658 [2006].) Under the New York statutory schemes, CPLR 308 remains one of the primary means of notifying and bringing the parties together in court in a civil action. CPLR 308 has been constitutionally upheld, even in those situations where the court independently designs its own means of effective service of process. (Dobkin v Chapman, 21 NY2d 490 [1968].) However, the purposes of civil process and criminal process are fundamentally different.
While service of process on the parties in a civil case is vital to the action, it is not the situation in a criminal case. This is because a civil case brings two private parties before the court to address what is almost always a private dispute. In a civil case, personal jurisdiction is established by service of process on the appropriate parties and must be filed with the court, along with the purchase of an index number. (CPLR 304, 306, 306-a; Harris v Niagara Falls Bd. of Educ., 6 NY3d 155 [2006].) However, a criminal action is commenced by the state to address a public wrong. Jurisdiction of the court is, therefore, acquired by the filing of a legally sufficient accusatory instrument with the local criminal court. (People v Grant, 16 NY2d 722 [1965]; Matter of Shirley v Schulman, 78 NY2d 915 [1991].) For example, in People v McFarlane (130 Misc 2d 70 [Crim Ct, NY County 1985]), the court found that the defendants had not been personally served and, therefore, held service was improper. However, the court did not dismiss the criminal action since an information had been filed, thus providing the court with jurisdiction. The court reasoned that since the only purpose of service of criminal process is to notify the defendant of the pending criminal action, service of process, properly or improperly, does not provide the court with jurisdiction over a particular case. Due to the fact that the criminal action remained open, the court ordered that the defendant appear or that a warrant would be issued. In People v Coore (149 Misc 2d 864 [Yonkers City Ct 1991]), an appearance ticket incorrectly *1034 directed the defendant to appear in a city court of Mount Vernon while the accusatory instrument had been correctly filed in the City of Yonkers. The court declined to dismiss the charges indicating that an appearance ticket was merely an invitation to appear and the filing of an accusatory instrument, not the appearance ticket, gave the court jurisdiction. On occasions where courts have been inclined to dismiss violations due to improper service of process, the true ground was either as a result of the interest of justice or due to the fact that the accusatory instruments were insufficient as a matter of law. (People v Gross, 148 Misc 2d 232 [Crim Ct, Kings County 1990]; People v Neuberger, 149 Misc 2d 1 [Crim Ct, Kings County 1991].)
Substituted service on a defendant in a criminal action has already been accepted when service on a corporation is in question. (CPL 600.20.) In People v Sage Realty Corp. (155 Misc 2d 832 [Crim Ct, NY County 1992]), the defendant corporation was served by way of the Secretary of State of the State of New York as a duly designated agent of corporate service pursuant to Business Corporation Law § 304 (a) and § 360 (b) in accordance with CPL 600.10 (1). In this situation, service occurred in Albany County, far from where the original action had commenced. Nevertheless, the court upheld the service as proper and the defendant corporation was convicted in absentia and fined.
Therefore, it would appear that the change in law under CPL 150.40 (2) is more procedural in nature and not a constitutional due process concern. Considering that the key to any criminal action is the filing of an appropriate accusatory instrument, the means in which a defendant arrives at court is not the key to commencing the criminal action. (People v Lowry, 184 Misc 2d 306 [App Term, 2d Dept 2000].) The appearance ticket is simply a letter of invitation. In addition to service of an appearance ticket, a criminal court summons under CPL article 130 can be issued or an arrest warrant under CPL article 120. In any event, once it is established that a sufficient accusatory instrument is filed, the type of service is of little consequence. For example, there is no right in a criminal action for an attorney to file a “special appearance” to contest jurisdiction. (People v Byfield, 131 Misc 2d 884 [Crim Ct, NY County 1986].) Therefore, based upon the aforementioned, it is clear that CPL 150.40 (2) passes muster under both federal and New York State constitutional standards.
*1035 II. Nonconforming Use
The defendant is the owner of a property which consists of a residential house and a garage. The garage or shed area has been used for the storage and assembling of brushes for sale to various businesses. The basement is used for storage. The main floors of the building are used as a small office and the upstairs as a place of residence. The use of the property appears to have commenced shortly after April 7, 1942 when it was originally used as a chicken coop. Thereafter, the brush business commenced and has been in continuous use at every time since then. The defendant now moves to dismiss the action pursuant to GPL 170.30 (1) (f) on the grounds that the information is defective against the defendant as a matter of law. The grounds on this motion are that a valid nonconforming use was established on the premises which predates the relevant zoning codes of the incorporated Village.
A nonconforming use has been defined as a use of land which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance, although does not comply with the use restrictions applicable to the area in which it was situated. (Spilka v Town of Inlet, 8 AD3d 812 [3d Dept 2004].) A prior nonconforming use means that any use that was legal when it was established can, if not abandoned or otherwise expressly changed, be continued indefinitely despite a change in local ordinance making such use illegal. (Town of Clarkstown v M.R.O. Pump & Tank, Inc., 32 AD3d 925 [2d Dept 2006].) Therefore, if the defendant in the case at bar can establish a valid nonconforming use, then the charge of failure to possess a certificate of occupancy shall be dismissed since the valid nonconforming use would predate the need for a certificate of occupancy. (People v Burns, 115 Misc 2d 897 [Oswego City Ct 1982]; Matter of Forjone v Bove, 280 AD2d 948 [4th Dept 2001].)
A prior nonconforming use is an affirmative defense to be proved by the defendant charged with violating the zoning ordinance. (People v Waring, 110 Misc 2d 392 [Oswego City Ct 1981].) For evidence to be sufficient to raise the defense of a prior nonconforming use, the defendant’s evidence is required to be not ironclad but of a substantial nature. (Burns, supra at 904.) Once this defense has been successfully raised, it is the burden of the prosecutor to disprove the defense beyond a reasonable doubt. (Burns, supra at 902.)
In the case at bar, the defendant has shown by substantial evidence that a nonconforming use existed on the property prior *1036 to the enactment of the appropriate Village zoning code. Affidavits have been presented to the court which indicate that the property has been used as a brush business since the 1940s. It should be noted that Valley Stream has had three significant zoning codes enacted, the first in 1929, the second during the postwar period in 1952, and lastly in the current times in 1990. Under the 1929 code, the property was under proper zoning use. The 1952 code was a watershed document where more properties were required to obtain certificates of occupancy. However, the facts clearly indicate that the property was in use as a brush business throughout the 1940s and indeed the last serious construction project on the property was concluded in mid-1951, well over a year before the 1952 code went into effect. A permit was filed at that time. The court notes as a matter of law that construction under a validly issued permit where the property is a nonconforming use would validify such a use. (Matter of Jaffee v RCI Corp., 119 AD2d 854 [3d Dept 1986]; People v Denham, 74 Misc 2d 816 [Suffolk Dist Ct 1973].)
It is also of significance that in 2003 the Village issued the defendant a mercantile permit to continue and conduct the commercial business that was in effect on the premises. The permit was a renewal of a previous mercantile permit. The mercantile permit will continue to be in effect until 2008. A mercantile permit can only be revoked after a hearing by the Village Board. According to the Village code, registering a business with a mercantile permit ensures that all businesses are in suitable zoning areas and meet fire protection and structure standards. The issuance of a mercantile permit and other permits of this nature may under certain circumstances act as a complete defense to the violation. (Town of Mentz v Crandall, 288 AD2d 841 [4th Dept 2001].) Indeed, this court finds it contradictory that the Village seeks to find the defendant guilty for not having a certificate of occupancy when, for the very same purpose and use, it has granted the defendant a mercantile permit.
The court is satisfied that the defendant has raised a sufficient defense of a prior nonconforming use of a substantial nature. It is also noted that the People have been unable to sufficiently rebut this presumption now that it has been set forth. (Burns, supra at 904.) Therefore, the defense has satisfied its burden of proof and the summons and information should be dismissed as a matter of law.