Ahmad v City of New York (2019 NY Slip Op 04085)





Ahmad v City of New York


2019 NY Slip Op 04085


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9414 150871/13

[*1]Manzoor Ahmad, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about October 23, 2017, which denied plaintiff's motion to set aside the jury's verdict in defendants' favor and direct a judgment in his favor, unanimously affirmed, without costs.
Plaintiff claims that defendant police officer used excessive force and committed battery against him during a traffic stop. The uncontested trial evidence shows that the officer saw plaintiff's vehicle make an illegal turn and gestured to plaintiff to pull over, that plaintiff initially slowed down and then drove around the officer to a point 40 feet from where he was standing, that the officer ran to the car and instructed plaintiff to take the car out of drive and place it in park so that he would be unable to drive away again, and that, as the officer reached into the car for the gear shift, plaintiff pushed his hands away.
We cannot conclude on this evidence that the jury's verdict in defendants' favor was utterly irrational, that is, that there is no valid line of reasoning and permissible inferences that could lead a rational person to the same conclusion (see Killon v Parrotta, 28 NY3d 101, 108 [2016]). Nor can we conclude that the evidence weighed so heavily in plaintiff's favor that the jury could not have interpreted it fairly in finding for defendants (see id. at 107). In view of the fact that plaintiff had driven away from the officer once, the jury could reasonably have found that under the circumstances the minor contact between plaintiff's and the officer's hands did not constitute excessive force (see Koeiman v City of New York, 36 AD3d 451, 453 [1st Dept 2007], lv denied 8 AD3d 814 [2007]; see also Davila v City of New York, 139 AD3d 890, 892 [2d Dept 2016], lv denied 28 NY3d 914 [2017]).
Plaintiff failed to demonstrate that, as he argues, the officer's testimony was incredible as a matter of law because it is contrary to "recognized realities" (see People v Moore, 93 AD3d 519, 522 [1st Dept 2012], lv denied 19 AD3d 865 [2012]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK